DECISION AND JUDGMENT ENTRY
{¶ 1} Kevin Mehl appeals his conviction and sentence for escape, a fourth degree felony, in violation of R.C. 2921.34(A)(1). On appeal, Mehl contends that insufficient evidence supports his conviction for escape. Because, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime of escape proven beyond a reasonable doubt, we disagree. Mehl next contends that the trial court erred in sentencing him to a four year prison term. We disagree, because, after applying the two-step analysis set forth in State v. Kalish, Ohio St.3d,2008-Ohio-4912, ¶ 26, we find that Mehl failed to show that (1) his sentence is clearly and convincingly contrary to law and (2) the trial court abused its discretion when it imposed his sentence within the statutory range. *Page 2 
Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} In April 2007, Mehl entered guilty pleas to charges of trafficking in marijuana, failing to appear and receiving stolen property. The court sentenced Mehl to three consecutive six-month prison terms for a total of eighteen-months. However, the court accepted the part of Mehl's plea agreement where the state agreed to allow Mehl a temporary leave from confinement to attend to personal matters until 9:00 a.m. on April 6, 2007. During the temporary leave, the court ordered Mehl to remain at his mother's home and not leave the curtilage of his mother's property. The court also ordered Mehl to return to the regional jail at 9:00 a.m. on April 6, 2007.
 {¶ 3} Mehl did not appear at the jail on April 6, 2007. Instead, on April 9, 2007, Officer John Meeks of the Nelsonville Police Department went to Mehl's mother's home to determine Mehl's whereabouts and found Mehl sleeping.
 {¶ 4} On June 25, 2007, a grand jury indicted Mehl on one count of escape, a fourth degree felony, in violation of R.C. 2921.34(A)(1). He entered a not guilty plea, and the case went to a jury trial. The jury found Mehl guilty of escape. The court sentenced him to four years in prison and ordered the sentence to run consecutive to his previous sentence.
 {¶ 5} Mehl appeals his conviction and sentence and asserts the following assignments of error: (I) "The trial court violated Kevin Mehl's rights to due process and a fair trial when, in the absence of sufficient evidence, it entered a judgment entry, convicting Mr. Mehl of escape[;]"; and (II) "The trial court erred when it sentenced Kevin Mehl to a four-year prison term for escape." *Page 3 
 II. {¶ 6} In his first assignment of error, Mehl contends that insufficient evidence supports his conviction for escape. Specifically, Mehl asserts that the state failed to prove that he broke or failed to return to detention.
 {¶ 7} The function of an appellate court, when reviewing a case to determine if the record contains sufficient evidence to support a criminal conviction, "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."State v. Smith, Pickaway App. No. 06CA7, 2007-Ohio-502, ¶ 33, citingState v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, Jackson v. Virginia (1979), 443 U.S. 307, 319; State v.Johnson, Vinton App. No. 06CA650, 2007-Ohio-2176, ¶ 22.
 {¶ 8} The sufficiency of the evidence test "raises a question of law and does not allow us to weigh the evidence." Smith at ¶ 34, citingState v. Martin (1983), 20 Ohio App.3d 172, 175. Instead, the sufficiency of the evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Smith, at ¶ 34, citing Jackson, 443 U.S. at 319. This court will "reserve the issues of the weight given to the evidence and the credibility of witnesses for the trier of fact." Smith, at ¶ 34, citing State v. Thomas (1982), 70 Ohio St.2d 79, 79-80; State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. *Page 4 
 {¶ 9} R.C. 2921.34(A)(1) provides that "[n]o person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
 {¶ 10} Ohio courts have found that one is guilty of escape not only when purposefully breaking detention, but also when one purposefully fails to return to detention following a temporary leave granted for a specific purpose. State v. Jansen (Dec. 5, 1997), Lucas App. No. L-96-041. Thus, the statute provides "that a person in detention who breaks detention or refuses to return to detention can be charged with escape." State v. McFolley (Jul. 11, 2001), Lorain App. No. 00CA007614. As a result, "[o]nly persons in detention can be charged with escape." Id.
 {¶ 11} Mehl claims that he was always in detention, and as a result, it was a legal impossibility for him to fail to return to detention. However, such a contention is contrary to law in light of the fact that one must first be in detention in order to be found guilty of escape, even if such escape is premised on the failure to return to detention. Id. Mehl defied the terms of his temporary leave by remaining in his mother's home beyond 9:00 a.m., on April 6, 2007, and failing to return to detention at or before that time. As a result, there was sufficient evidence presented to prove beyond a reasonable doubt that Mehl failed to return to detention following a temporary leave. Therefore, after viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime of escape proven beyond a reasonable doubt. *Page 5 
 {¶ 12} Accordingly, we overrule Mehl's first assignment of error.
 III. {¶ 13} In his second assignment of error, Mehl contends that the trial court erred in sentencing him to four years in prison for the escape conviction.
 {¶ 14} Following the Supreme Court of Ohio's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, sentencing courts "have full discretion to impose a prison sentence within the statutory range, and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus; see, also, Kalish, supra, at ¶ 11. Courts, however, must still consider the general guidance factors set forth in R.C. 2929.11 and R.C. 2929.12. Foster at ¶ 42; Kalish at ¶ 13.
 {¶ 15} R.C. 2929.11 concerns the purposes of felony sentencing, i.e., "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). R.C. 2929.12 contains the factors courts must consider in determining the seriousness of a crime and the offender's likelihood of recidivism. It provides that in exercising discretion in determining "the most effective way to comply with the purposes and principles of felony sentencing * * *, the court must consider the factors set forth in * * * [R.C. 2929.12] (B) and (C) * * * relating to the seriousness of the conduct and the factors provided in * * * (D) and (E) * * * relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing."
 {¶ 16} Recently, the Supreme Court of Ohio set forth our standard of review when reviewing a sentence. Kalish. We now apply a two-step analysis. Id. at ¶ 26. First, *Page 6 
appellate courts "must ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence." Kalish at ¶ 14. Such a review involves a legal question and "is subject to review only to determine whether it is clearly and convincingly contrary to law * * *." Id., citing R.C. 2953.08(G). A sentence is not contrary to law if the court: (1) considered the purposes and principles of felony sentencing set forth in R.C. 2929.11; (2) considered the seriousness and recidivism factors set forth in R.C. 2929.12; (3) "properly applied postrelease control[;]" and (4) imposes a sentence within the permissible statutory range. Id. at ¶ 18. If the court fails to do any of these steps, "the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end." Id. at ¶ 15.
 {¶ 17} Second, if the sentence is not contrary to law, this court must review the trial court's selection of the sentence within the permissible statutory range under an abuse of discretion standard. Id. at ¶ 17. Abuse of discretion means "`more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. at ¶ 19, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, in turn quoting State v. Adams
(1980), 62 ohio St.2d 151.
 {¶ 18} Here, Mehl does not contend that the court failed to consider R.C. 2929.11 or R.C. 2929.12, or that it improperly applied post release control. In fact, the trial court specifically stated that it considered the purposes and principles of felony sentencing, as well as the seriousness and recidivism factors. Further, Mehl does not contend that his sentence fell outside the permissible statutory range. Mehl was convicted of escape, a fourth degree felony, which carries a definite prison term of one to five years. See R.C. 2929.14(A)(3). Instead, Mehl essentially contends that the trial court abused *Page 7 
its discretion in choosing the four year sentence, despite the fact that it falls within the permissible statutory range. Therefore, we find that Mehl's sentence is not contrary to law and move on to the second step of our analysis.
 {¶ 19} In sentencing Mehl on the escape conviction, the court stated:
 And you have quite a record. I've shared with counsel the pre-sentence investigation typed March 3, 06 in 04CR277. And the notice of violation or type of report, violation report that was typed on August 10, 2006. On the same case. And then of course since that time in 06CR314, we've had the trafficking in marijuana, failure to appear, receiving stolen property, fifth degree and two fourth degree felonies. The two theft and forgeries are fifth, the one theft and one forgery fifth degree felonies in the 04 case. There is some domestic violence, criminal damaging, resisting arrest back in December 21, of 05. And uh, another assault back on July 10, of 05 uh, Mr. Mehl I don't know what the situation is with you why, what's going on here, you're an awful young man to have such, such a long record and if you had uh, I don't know, just shown a little regard for Judge Goldsberry's order you could of saved your conviction in this case and sentence. Uh, I'm going to uh, after considering all theses documents and the principles and purposes of sentencing I'm going to uh, sentence you to four years in prison. * * *
 {¶ 20} Mehl argues that because no one was injured or threatened with physical harm as the result of his escape, his sentence was error. However, as evident from the court's statements during sentencing, the court was not as concerned with the seriousness of Mehl's escape under R.C. 2929.12(B) and (C) as it was with Mehl's likelihood to commit future crimes, i.e. likelihood of recidivism. The court noted Mehl's extensive criminal history and his failure to respond favorably to previously imposed sanctions.
 {¶ 21} Mehl further maintains that the court failed to consider his alleged compliance "with the trial court's order placing him on house arrest." Mehl apparently contends that *Page 8 
because the state failed to "present any evidence that Mr. Mehl ever left the curtilage of the Mehl residence" he complied with the trial court's order. However, as shown by his own admissions on appeal, Mehl did not comply with the trial court's order placing him on temporary leave/house arrest. Mehl undisputedly failed to return to the regional jail by 9:00 a.m. on April 6, 2007, as ordered by the trial court. As further noted by Mehl, he "[u]nfortunately * * * failed to appear at the Regional Jail" by 9:00 a.m. on April 6, 2007, and instead, was found on April 9, 2007 "asleep on the couch" at his mother's home. As a result, Mehl failed to comply with the trial court's order.
 {¶ 22} Therefore, under the second step of our analysis, we find that the trial court did not abuse its discretion when it sentenced Mehl to four years in prison.
 {¶ 23} Accordingly, we overrule Mehl's second assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED, and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only with Opinion.
 McFarland, J.: Concurs in Judgment and Opinion. *Page 10