DECISION AND JUDGMENT
{¶ 1} Appellant, Richard D. Harvey, appeals the judgment of the Erie County Court of Common Pleas resentencing him pursuant to R.C. 2949.06. For the reasons that follow, we reverse.
 {¶ 2} On January 7, 2008, appellant entered guilty pleas to two counts of drug trafficking in violation of R.C. 2925.03 and one count of drug possession in violation of *Page 2 
R.C. 2925.11. He was sentenced to three years in prison and he was ordered to report to the Erie County Jail on January 28, 2008, at 9:00 a.m. to commence his sentence. The judgment entry of sentence specifically provided:
 {¶ 3} "However, in the event that defendant fails to report to the Erie County Jail on January 28, 2008 for commencement of sentence, a warrant will be issued for his arrest and THE DEFENDANT SHALL BE HELD IN THE ERIE COUNTY JAIL UNTIL HE IS BROUGHT TO THIS COURT PURSUANT TO R.C. 2949.06 ET SEQ. * * *."
 {¶ 4} Appellant failed to report to the jail at 9:00 a.m. on January 28, 2008, as ordered. He arrived at the jail voluntarily at approximately 5:00 p.m. on that same day. Three days later, the trial court held a hearing. Commencing the hearing, the trial judge stated:
 {¶ 5} "* * * The court ordered that — the court advised the defendant and ordered that should he not report at that date and that time, that pursuant to [R.C] 2949.06 that he would be taken into custody and that he would be resentenced according to law.
 {¶ 6} "* * * Defendant did not appear on January 31, 2008 at 9:00 o'clock in the morning. This court learned at that time he was not in custody. The very next day, this court learned that he had reported some time around 5:00 o'clock that night and therefore, he did not report on time. So this Court is now going to conduct a re-sentencing hearing."
 {¶ 7} The judge asked to hear from appellant's counsel, who stated: *Page 3 
 {¶ 8} "We would ask the court to re-impose the time that — the amount of prison time that we had originally agreed to. You know, I've talked to [appellant] about this, where he showed up late, and he admits he showed up late. However, he didn't just completely fail to appear; he called the jail that day, left a note he would be late. He had his children with him that day. * * * The next day, the mother of the children was not where she was supposed to be. He had to wait `til his mother was able to take the children once she got off work. But he did turn himself in that day. He called the jail. He said I'm not trying to run. He did voluntarily appear that day. I think it was a situation where he needed to take care of his children more than he needed to take care of himself. But as soon as he was assured that his children were safe and with a responsible adult, which was his mom, he then voluntarily went to the jail and turned himself in. * * * A warrant wasn't issued in this case; he made it in the same day. And it's a sign to me that he was not only trying to comply with the court's order, but comply with his obligations as a father."
 {¶ 9} The judge found appellant's explanation insufficient to justify his tardiness in arriving at the jail. Pursuant to R.C. 2949.06, he imposed an additional year of incarceration to appellant's sentence for a total of four years in prison. Appellant now appeals setting forth the following assignment of error:
 {¶ 10} "The trial court abused its discretion and violated the mandates of Ohio law in re-sentencing appellant, and ordering appellant to serve one full additional year in *Page 4 
prison, simply because appellant reported late to the jail to begin serving his original sentence."
 {¶ 11} R.C. 2949.06 provides:
 {¶ 12} "If a person escapes after sentence and before confinement in a state correctional institution or jail, the clerk of the trial court, upon application of the prosecuting attorney or by order of the court, shall issue a warrant stating the conviction and sentence and commanding the sheriff to pursue the person into any county of this state. The sheriff shall take into custody the person so escaping and shall make return of the warrant to the court if it is in session, and if it is not in session he shall commit the accused to the jail of the county and bring him before the court at the next session of the court. The court shall set aside the former sentence and again pronounce judgment upon the verdict."
 {¶ 13} The plain language of the term, escape, is defined in R.C. 2921.34 as follows:
 {¶ 14} "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement * * *
 {¶ 15} "(B) Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority, is not a defense to a charge under *Page 5 
this section if the detention is pursuant to judicial order or in a detention facility. In the case of any other detention, irregularity or lack of jurisdiction is an affirmative defense only if either of the following occurs:
 {¶ 16} "(1) The escape involved no substantial risk of harm to the person or property of another.
 {¶ 17} "(2) The detaining authority knew or should have known there was no legal basis or authority for the detention.
 {¶ 18} "(C) Whoever violates this section is guilty of escape."
 {¶ 19} Thus, in order to "escape," one must first be under "detention." "Detention" is defined by R.C. 2921.01(E), which provides:
 {¶ 20} "`Detention' means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37,2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that *Page 6 
occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, `detention' includes time spent at an assigned work site and going to and from the work site."
 {¶ 21} At the point in time when appellant failed to report to the county jail, it was after his sentencing but before his confinement. None of the situations in which a person can be under "detention" apply to appellant. When he showed up late to the county jail, he was not in "confinement" in a vehicle or facility; he was not under confinement for the purposes of transportation to or from a facility; he was not under detention for extradition or deportation; he was not under the supervision of "any employee of any facility of any of those natures that is incidental" to confinement in a facility; he was not yet under the supervision of an employee of the Department of Rehabilitation and Correction while on release; he was not being returned from outside or inside of Ohio; and he was not participating in a county jail industry program.
 {¶ 22} Because appellant was not under "detention" as intended by R.C. 2921.01, the trial court could not have found that appellant "escaped" when he reported to the jail at 5:00 p.m. instead of 9:00 a.m. to begin his sentence. Therefore, given the plain *Page 7 
language of R.C. 2949.06, the trial judge was without authority to "set aside" Harvey's first sentence and conduct another sentencing hearing. Accordingly, appellant's sole assignment of error is found well-taken.
 {¶ 23} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This matter is remanded to the trial court with instructions to reinstate the judgment entry of sentencing dated January 9, 2008 and to delete the condition and references to R.C. 2949.06. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., CONCURS AND WRITES SEPARATELY.