[Cite as *State v. Thornsbury*, 2013-Ohio-1914.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA9 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| HEATHER THORNSBURY, | : | |
| | : | **RELEASED 05/03/13** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for appellant.

J.B. Collier, Jr., Lawrence County Prosecuting Attorney, and Jeffrey M. Smith, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.
_____
Harsha, J.

{¶1}    Heather Thornsbury appeals her conviction for escape and claims that the trial court erred by denying her motion to dismiss because the facts alleged in the indictment were legally insufficient to support a conviction.  We agree.  Because Thornsbury was released on bond at the time the state alleges she escaped, she was not under "detention" as required by the statute.  Furthermore, although she was initially confined in the county jail following her arrest, her detention ended after she posted bond and was released.  Therefore, the state could not prosecute her under R.C. 2921.34(A)(1) for escape.

I. FACTS

{¶2}    The state initially charged Heather Thornsbury with endangering children in a separate case.  Following her arrest, she was in the county jail until her release on bond.  Ultimately, Thornsbury pleaded guilty and received a sentence of 36 months in

prison. The court continued her bond after sentencing and ordered her to report to the county jail in December 2011. However, Thornsbury failed to report to the jail on time and instead arrived in February 2012.

{¶3} As a result, she faced a charge of escape in violation of R.C. 2921.34(A)(1) and pleaded not guilty. At a change of plea hearing, defense counsel made an oral motion to dismiss the indictment, arguing that the facts alleged in the indictment were not legally sufficient to support a conviction for escape. The trial court denied the motion to dismiss and Thornsbury pleaded no contest.[1] The court sentenced her to 24 months in prison, to run consecutively to her sentence for endangering children. She now appeals the trial court's denial of her motion to dismiss.

## II. ASSIGNMENT OF ERROR

{¶4} Thornsbury raises one assignment of error for our review:

1. "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE INDICTMENT ON THE GROUNDS THAT THE INDICTMENT DID NOT PROVIDE ANY FACTS LEGALLY SUFFICIENT FOR A FINDING OF GUILT UNDER OHIO REVISED CODE §2921.34."

## III. LAW AND ANALYSIS

{¶5} Thornsbury argues the facts alleged in the indictment are legally insufficient to support a finding of guilt under R.C. 2921.34(A)(1) because she was not "under detention" as required by the statute. She claims none of the situations in which a person can be under "detention" as defined in R.C. 2921.01(E) apply to her, and therefore the trial court erred by failing to dismiss the indictment. The state contends

---

[1] After hearing arguments from both parties, the trial court orally denied Thornsbury's motion to dismiss. However, the record does not contain an entry journalizing the court's ruling. But because the court proceeded to accept her plea, found her guilty and imposed a sentence, it effectively denied the motion for purposes of appeal.

because Thornsbury was confined in the county jail after her initial arrest and purposely failed to return to detention after sentencing as ordered by the trial court, her conviction was proper.

### A. Legal Standard

{¶6}   A motion to dismiss an indictment tests the legal sufficiency of the indictment, without regard to the quantity or quality of evidence that may be produced by either the state or the defendant. *State v. Evans*, 4th Dist. No. 08CA3268, 2010-Ohio-2554, ¶ 18.  The sufficiency of an indictment is a question of law that we review de novo. *Id.*  Accordingly, "[u]nder Crim.R. 12(C)(2), trial courts may judge before trial whether an indictment is defective." *State v. Palmer*, 131 Ohio St.3d 278, 2012-Ohio-580, 964 N.E.2d 406, ¶ 23.  "In conducting this pretrial review, courts may look to 'evidence beyond the face of the indictment.'" *Id.* at ¶ 22, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, 894 N.E.2d 671, ¶ 18 [citing Crim.R. 12 (F)]. "However, a Crim.R. 12 ruling may not decide 'what would be the general issue at trial.'" *Palmer* at ¶ 22, quoting *Brady* at ¶ 18.

{¶7}   An indictment is defective if it alleges a violation of the Revised Code by a person who is not subject to the statute. *See Palmer* at ¶ 23.  "The general issue for trial * * * is whether the accused violated the law as set forth in the indictment.  Where the law simply does not apply, the trial court is well within its authority to dismiss the indictment before trial." *Id.* at ¶ 24.

### B. R.C. 2921.34

{¶8}   This case involves the interpretation of a statute, which we review as a matter of law (de novo) without deference to the trial court's determination. *In re*

*Adoption of T.G.B.*, 4th Dist. Nos. 11CA919, 11CA920, 2011-Ohio-6772, ¶ 4. "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute." *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. If the meaning of a statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. *Mathews v. Waverly*, 4th Dist. No. 08CA787, 2010-Ohio-347, ¶ 23. Only if a statute is unclear and ambiguous, may we interpret it to determine the legislature's intent. *State v. Chappell*, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513, 668 N.E.2d 498 (1996).

{¶9} Thornsbury was convicted of escape in violation of R.C. 2921.34(A)(1), which provides:

> No person, knowing the person is under detention, other than supervised release detention, or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement.

{¶10} Thus for an escape to occur, the defendant must first have been under lawful detention. *See State v. Edwards*, __ Ohio App.3d __, 2012-Ohio-4685, 979 N.E.2d 1, ¶ 8 (4th Dist.). R.C. 2921.01(E) defines "detention":

> "Detention" means arrest; confinement in any vehicle subsequent to an arrest; confinement in any public or private facility for custody of persons charged with or convicted of crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States; hospitalization, institutionalization, or confinement in any public or private facility that is ordered pursuant to or under the authority of section 2945.37, 2945.371, 2945.38, 2945.39, 2945.40, 2945.401, or 2945.402 of the Revised Code; confinement in any vehicle for transportation to or from

any facility of any of those natures; detention for extradition or deportation; except as provided in this division, supervision by any employee of any facility of any of those natures that is incidental to hospitalization, institutionalization, or confinement in the facility but that occurs outside the facility; supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution; or confinement in any vehicle, airplane, or place while being returned from outside of this state into this state by a private person or entity pursuant to a contract entered into under division (E) of section 311.29 of the Revised Code or division (B) of section 5149.03 of the Revised Code. For a person confined in a county jail who participates in a county jail industry program pursuant to section 5147.30 of the Revised Code, "detention" includes time spent at an assigned work site and going to and from the work site.

**{¶11}** Looking at the plain language of R.C. 2921.01(E) we find that the statute is clear and unambiguous. The statute sets forth a limited list of circumstances that the legislature identified as "detention." Therefore applying the statute as written, we agree with Thornsbury that none of the situations listed in R.C. 2921.01(E) cover the facts of this case. When she failed to report to the county jail, she was "out on bond," which the court continued after sentencing; but she was not confined, serving work release, or under any of the types of supervision listed in the statute. In short, because "out on bond" is not listed in R.C. 2921.01(E), she was not under "detention" at the time the state alleged she escaped.[2] *See State v. Hughes*, 6th Dist. Nos. E-08-034, E-08-035, E-08-036, 2009-Ohio-3499, ¶ 18.

**{¶12}** We also briefly consider the state's argument that Thornsbury was "under detention" in the county jail following her arrest and failed to return to detention when she did not report to the jail on the date ordered by the court. Initially we agree that while Thornsbury was in the county jail after her arrest, she was "confine[d] in any public

---

[2] Because the parties do not raise the issue, we decline to address whether the trial court had the authority to continue Thornsbury's bond after sentencing. *See State v. Harvey*, 6th Dist. No. E-08-009, 2009-Ohio-1534, ¶¶ 30-39 (Skow, P.J., concurring).

or private facility for custody of persons charged with * * * crime in this state," and therefore was under "detention" as provided in R.C. 2921.01(E). However, as we have already determined, the plain language of R.C. 2921.01(E) does not include release on bond. So, Thornsbury was no longer under "detention" after she posted bail and was released from the county jail. Because "one must first be in detention in order to be found guilty of escape," Thornsbury could not be convicted on this basis. *State v. Mehl*, 4th Dist. No. 08CA5, 2008-Ohio-6702, ¶ 10. The state cites *Mehl* for the proposition that Thornsbury was under detention. However, *Mehl* implicitly assumed the appellant was under detention and focused upon whether the court had granted a temporary leave for a specific purpose or limited period under R.C. 2921.34(A)(1). Here we deal with the definition of detention under R.C. 2921.01(E) and conclude that definition was not met.

**{¶13}** Because Thornsbury was not under "detention" as defined in R.C. 2921.01(E), she could not have been convicted of escape and the trial court erred by failing to dismiss the indictment. Accordingly, we sustain her sole assignment of error and remand this case to the trial court for an entry of dismissal.

JUDGMENT REVERSED AND
CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Dissents.

For the Court

BY:  _____
       William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**