DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal by appellant, natural mother, of two judgments of the Ottawa County Probate Court relating to the adoption of her son, Joshua, by appellees, David J. T and Jamie I. T. In a decision and judgment entry filed July 9, 2007, the trial court ruled that appellant's consent to the adoption was unnecessary under R.C. 3107.07(A). In a decision and judgment entry filed November 29, 2007, the trial court *Page 2 
determined that the adoption was in the best interest of the child under the analysis required under R.C. 3107.161(B). Appellant appeals both judgments.
 {¶ 2} Appellant assigns two errors on appeal:
 "Appellant's Assignment of Error {¶ 3} "I. The trial court's decision finding that the consent of the Appellant was not required prior to the adoption of her minor child by the Appellees, was in error as a matter of law and was against the manifest weight of the evidence. (R. 42, 66, 67).
 {¶ 4} "II. The trial court's decision finding that it was in the best interest of the minor child to grant the adoption was an abuse of discretion. (R. 59, 68)."
 {¶ 5} Although not assigned as a separate assignment of error, appellant has argued that the trial court erred in exercising jurisdiction over appellees' petition for adoption because the Ottawa County Juvenile Court held continuing jurisdiction over custody of the minor child under a prior custody order. Appellant treats the issue as coming within her first assigned error:
 "Issues Presented for Review {¶ 6} "1. When considering a petition for adoption, should a Probate Court refrain from exercising its jurisdiction, when there is a case pending in that county's Juvenile Court regarding custody and visitation of the same child and involving as parents the biological mother and the proposed adoptive parents? (Appellant's Assignment of Error I)." *Page 3 
 {¶ 7} In their petition for adoption, appellees contended that consent to the adoption of Joshua by his natural mother was not required under R.C. 3107.07(A). They claimed that appellant failed to communicate with Joshua without justifiable cause for a period of one year prior to either the filing of the petition for adoption or the placement of Joshua in appellees' home. R.C. 3107.07(A) provides:
 {¶ 8} "Consent to adoption is not required of any of the following:
 {¶ 9} "(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner." R.C. 3107.07(A).
 {¶ 10} Many facts are undisputed in this case. Appellant has a history of depression and has struggled financially. At the time of Joshua's birth, appellant was 29 years of age, unmarried, and living at Miriam House, a shelter for women with children. When Joshua was a month old, appellant brought him to Fisher-Titus Hospital for medical care. The baby had gained little weight since birth. He was diagnosed as a "failure to thrive" baby. After treatment, hospital authorities refused to release the child to appellant. They presented appellant with two alternatives — either to release the child to the custody of family members or to submit the issue of future custody to a *Page 4 
Huron County judge. Appellant agreed that her brother and his wife, appellees, would take custody of Joshua on a temporary basis. The hospital released Joshua to appellees.
 {¶ 11} In March 2005, appellees filed a complaint in Juvenile Division of the Ottawa County Court of Common Pleas for custody of Joshua. Attorney Thomas M. Dusza was appointed by the juvenile court to represent appellant.
 {¶ 12} In May 2005, appellant was diagnosed with the Hepatitis C virus. Joshua tested negative for the virus. Appellant has not secured treatment for the virus. She has testified that she could not afford the cost of treatment.
 {¶ 13} The parties agreed to an interim custody agreement in the juvenile court proceeding. Attorney Dusza prepared a stipulated order, later filed on December 13, 2005[1], that granted, by agreement, custody of Joshua to appellees on an "interim" basis and the right for appellant to visit with Joshua on Sundays at appellant's church in Sandusky. Under the order, visitation was to be supervised by a non-family member. Appellees sought supervised visits due to a concern to protect against the spread of the Hepatitis C virus to Joshua and due to concerns as to appellant's mental health.
 {¶ 14} Due to a difficult relationship with appellees, appellant sought to establish visitation with Joshua outside appellees' home. Efforts for supervised visitation outside appellees' home never succeeded. Earlier, in June 2005, Kinship House declined to supervise visitations there due to the need for health procedures to prevent the spread of *Page 5 
Hepatitis C. Supervised visitation at appellant's church, pursuant to the custody agreement, was attempted on October 23, 2005. Although appellant was able to visit with Joshua at the church, the church failed to provide any supervision for the visit. Appellee David J. T. learned of the lack of supervision when he arrived to pick up Joshua at the end of the visitation. Upon learning of the unsupervised visitation, appellee David J. T. told appellant that she needed to contact her attorney and get a new visitation agreement.
 {¶ 15} Although attorney Dusza testified that he spoke with the church pastor in an attempt to resolve the dispute on appellant's behalf, his efforts were unsuccessful. The church board refused further involvement in visitations. Dusza also testified to further requests by appellant for his help to secure visitations with Joshua for Christmas in December 2005, and for Joshua's birthday in January 2006. Dusza informed appellant that his court appointment as her attorney had expired. He explained that she would need to request the court to reappoint him as her attorney but that he doubted the court would do so.
 {¶ 16} Later the CASA volunteer testified that she contacted Job and Family Services and was informed that the agency would not provide visitation facilities unless they had custody of the child. The CASA volunteer also attempted to establish supervised visitation through Village House in Fremont in April, 2006. That failed due to lack of transportation. Appellant lacked transportation herself. Appellees would not *Page 6 
agree to transport Joshua to Fremont for visitation without a court order compelling them to do so.
 {¶ 17} Appellant testified that she chose not to pursue the visitation issue in court. She had not secured treatment for Hepatitis C and was concerned her requests would be denied because her condition and failure to secure treatment.
 {¶ 18} The petition for adoption was filed on October 30, 2006. During the year before it was filed, Joshua aged from nine months to 21 months of age. No visits between appellant and Joshua occurred during the period. Appellees did not refuse to permit visits with Joshua in their home during the period. Appellant sent no cards or letters to Joshua during the period.
 {¶ 19} Testimony at the hearing to determine whether appellant's consent to the adoption was necessary conflicted as to whether appellant attempted telephone contact during the period. Appellant testified to repeated unsuccessful attempts to call appellees during the period. Appellees denied the claim and testified that they remained easily reachable both by telephone and in person during the period.
 Timeliness of Appeal of Judgment Determining Necessity of Consent under R.C. 3107.07 {¶ 20} The judgment holding that appellant's consent was unnecessary for the adoption, under R.C. 3107.07, was journalized on July 9, 2007. Appellant filed her first notice of appeal from the judgment on August 9, 2007. The filing was, therefore, more than 30 days after the judgment appealed. We dismissed the appeal as late under *Page 7 
App. R. 4(A). In the Matter of the Adoption of Joshua T. (Aug. 24, 2007), 6th Dist. No. OT-07-038.
 {¶ 21} The litigation on the adoption proceeded. On November 29, 2007, the trial court entered judgment that the adoption was in Joshua's best interests. Appellant filed a second notice of appeal on December 28, 2007. It is this notice of appeal on which appellant's present appeal is based. Appellant seeks reversal of both the July 9, 2007 and November 29, 2007 judgments in this appeal.
 {¶ 22} We must consider first whether this court has jurisdiction to entertain the appeal of the July 9, 2007 judgment. Appellant's latest notice appeal was filed within 30 days of the judgment determining that adoption was in the best interest of the child but months after the July 9, 2007 judgment that appellant's consent for the adoption was unnecessary. We considered this same issue in the decision In the Matterof the Adoption of Joshua R and Jessica R. (Feb. 18, 2000), 6th Dist. Nos. E-99-034 and E-99-033.
 {¶ 23} The case In the Matter of the Adoption of Joshua R and JessicaR. involved an attempted appeal of a November 19, 1998 judgment which determined that consent of the natural father was unnecessary for the adoptions of his children under R.C. 3107.07. The father, however, did not pursue appeal of the judgment immediately. He waited until after the trial court entered final judgment on the adoptions. The trial court filed the final adoption decrees on February 23, 1999. He filed a notice of appeal within 30 days of the *Page 8 
final decrees for the adoptions but not within 30 days of the judgment that ruled on the R.C. 3107.07 consent issue.
 {¶ 24} We held in the case that under the Ohio Supreme Court's decision of In re Adoption of Greer (1994), 70 Ohio St.3d 293, the appeal of the R.C. 3107.07 judgment was untimely and no longer subject to review due to the failure to file a timely notice of appeal:
 {¶ 25} "The Supreme Court of Ohio has held that `A trial court's finding pursuant to R.C. 3107.07 that the consent to an adoption of a party described in R.C. 3107.06 is not required is a final appealable order.' In re Adoption of Greer (1994), 70 Ohio St.3d 293,638 N.E.2d 999, paragraph one of the syllabus. In Greer, at footnote 1, the court clarified that `* * *to be timely, an appeal of an R.C. 3107.07 decision adverse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary.' See, also In the Matter of the Adoption of SamanthaH. (Sept. 29, 1995), Huron App. No. H-94-054, unreported." Id.
 {¶ 26} The Supreme Court of Ohio specifically cautioned against failure to pursue an appeal within 30 days of an R.C. 3107.07 judgment in the Greer opinion:
 {¶ 27} "It should, therefore, be well-noted by practitioners before the probate bar that, to be timely, an appeal of an R.C. 3107.07
decision adverse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary. Cf In re Adoption of Jorgensen (1986), 33 Ohio App.3d 207,208-209, *Page 9 515 N.E.2d 622, 624 (`[W]e conclude that the July 6, 1984 order was a final appealable order and, no appeal having been taken within thirty days therefrom, all the matters which could have been reviewed had an appeal been taken have now become res judicata and are not reviewable in a subsequent appeal taken from the final adoption order.')" In reAdoption of Greer, 70 Ohio St. 3d at 298, fn. 1.
 {¶ 28} Appellant argues that appeal at this time of both judgments is permitted under the decision of In re Adoption of Eblin (1998),126 Ohio App.3d 774.
 {¶ 29} In that decision, the Third District Court of Appeals held that Ohio law affords an appellant two alternatives for making an appeal of a R.C. 3107.07 judgment. The first alternative is to pursue appeal as indicated under the Ohio Supreme Court decision in Greer by filing a notice of appeal within 30 days of the judgment entry holding consent to the adoption was unnecessary. Id., 321. Alternatively, underEblin, the appellant could file a notice of appeal within "thirty days after the court renders a final order on all issues in the case." Id., citing Ohio App. R. 4(B)(5).
 {¶ 30} The R.C. 3107.07 judgment in Eblin was filed on June 18, 1997. The final decree of adoption was issued on August 7, 1997. The Third District ruled that a September 5, 1997 notice of appeal was timely to pursue appeal of both the consent and best interests judgments. Id.
 {¶ 31} App. R. 4 was amended effective July 1, 1992, to include the provisions of App. R. 4(B)(5) relied upon by the Third District inEblin. The appellate rule, as *Page 10 
amended, was in effect at the time of the Greer decision and at the time of the judgment entry considered in Greer.
 {¶ 32} In the decision of In the Matter of Joshua Caleb KnauffAdoption, 4th Dist. No. 01CA7, 2001-Ohio-2577, the Fourth District Court of Appeals also considered this issue. The notice of appeal in the case was filed more than 30 days after the R.C. 3107.07 judgment but within 30 days of the final judgment approving the adoption. The court of appeals held that the Greer decision was controlling authority and ruled that under Greer the appeal of the R.C. 3107.07 judgment was untimely. A dissent argued that the appeal was timely under the Third District's analysis in Eblin.
 {¶ 33} We reaffirm our decision In the Matter of the Adoption ofJoshua R and Jessica R. on this issue. Appellant's arguments that appeal of the July 9, 2007, judgment was timely are foreclosed under the Ohio Supreme Court's decision in Greer.
 {¶ 34} Accordingly, we conclude that the trial court's judgment of July 9, 2007 determining that appellant's consent was not necessary to the adoption was a final and appealable order and that appellant failed to make a timely appeal within thirty days of its filing. The July 9, 2007 judgment is res judicata and not subject to further review. Probate Court's Exercise of Jurisdiction over the Adoption
 {¶ 35} Appellant initially contends that the trial court, the Ottawa County Probate Court, should have refrained from considering the adoption due to the existing continuing jurisdiction of the Juvenile Division of the Ottawa County Common Pleas Court over *Page 11 
custody of Joshua at the time the petition for adoption was filed. Juvenile court issued the stipulated custody order concerning Joshua prior to the filing of the petition for adoption. Appellant has argued that the trial court was required to refrain from consideration of the adoption petition under the Ohio Supreme Court's decision of In reAdoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572.
 {¶ 36} The trial court overruled the motion and held that the decision of In re Adoption of Pushcar was distinguishable. We agree. InPushcar, the issue of paternity of the child was pending in juvenile court at the time the petition for adoption was filed in probate court. The Pushcar court recognized that establishing paternity was a necessary element of the petitioner's case for adoption as the adoption in the case was being sought without the consent of the father under R.C. 3107.07(A). Id., ¶ 13. The court reasoned that establishing paternity was a necessary element of petitioner's case for adoption. In view of that fact, the probate court should have deferred proceeding on the adoption until the juvenile court had adjudicated paternity. Here, however, paternity is not disputed and the juvenile court's involvement in prior proceedings was limited to continuing jurisdiction over custody.
 {¶ 37} In Puschcar, the Ohio Supreme Court reaffirmed that original and exclusive jurisdiction over adoptions in Ohio is vested in probate court. Id., ¶ 9. Furthermore, probate courts have jurisdiction to proceed with adoptions even where the involved child is subject to custody orders within the continuing jurisdiction of domestic *Page 12 
relations or juvenile courts. In re Adoption of Biddle (1958),168 Ohio St. 209, paragraph two of syllabus (continuing jurisdiction of domestic relations court); In re Hitchcock (1996), 120 Ohio App.3d 88, 103-104
(continuing jurisdiction of juvenile court). Accordingly, appellant's argument that the trial court should have deferred proceeding with the adoption due to the pending jurisdiction of juvenile court over custody of Joshua is without merit.
 {¶ 38} The remainder of the appellant's arguments under Assignment of Error No. I concern the merits of the trial court's determination that her consent to the adoption was unnecessary under R.C. 3107.07(A). We cannot address these arguments since appellant did not timely appeal the July 9, 2007 decision. Accordingly, appellant's first assignment of error is found not well-taken.
 Whether the Adoption was in the Best Interest of the Minor {¶ 39} In a Decision and Judgment Entry filed on November 29, 2007, the trial court considered the factors identified in R.C. 3107.161(B) and determined that the adoption was in the best interest of Joshua. Trial courts "must be allowed broad discretion in making the determination" of whether a petition for adoption is granted or denied.In re Adoption of Charles B. (1990), 50 Ohio St.3d 88, 94. An appellate court reviews such determinations on an abuse of discretion standard. Id.; In the matter of the Adoption of Lindsey B (July 13, 2001), 6th Dist. No. L-01-1197. *Page 13 
 {¶ 40} After a review of the record, we find no abuse of discretion in the judgment that the adoption is in Joshua's best interest. Under the evidence, Joshua has resided with appellees in their home since he was one month old. Although shortly after birth he was sickly and diagnosed as a failure to thrive baby, at the time of the hearing he was three years old and appeared to be "perfectly healthy." The trial court concluded that the appellees would be able to provide Joshua with a stable home and are physically, emotionally, and financially able to meet his needs. The trial court also concluded that due to challenges in appellant's life involving mental health issues, the Hepatitis C condition, financial uncertainty, and difficulties with transportation "it is unlikely that a safe reunification with [his] Mother would be made within a reasonable time."
 {¶ 41} There is competent credible evidence in the record supporting these findings and the conclusion that the adoption was in the best interests of Joshua. We, therefore, find that Assignment of Error No. II is not well-taken.
 {¶ 42} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgments of the Ottawa County Probate Court are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 14 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J. William J. Skow, J. CONCUR.
[1] Although the order reflects a later filing date, the parties agreed to the terms of the entry by mid October 2005. *Page 1