Pfeifer, J.
{¶ 1} In In re Adoption of Pushcar, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, this court stated, “The issue presented for our review is whether a probate court must refrain from proceeding with the adoption of a child when an issue concerning the parenting of that child is pending in the juvenile court. We hold that, in such circumstances, the probate court must defer to the juvenile court and refrain from addressing the matter until adjudication in the juvenile court.” Id. at ¶ 8. We consider our holding in Pushcar to be dispositive of the issue before us and affirm the judgment of the court of appeals.
Facts and Procedural History
{¶ 2} G.V. was born on October 29, 2007. His birth mother and legal father each executed a permanent-surrender agreement pursuant to R.C. 5103.15 in early November 2007. Appellee, Benjamin Wyrembek, timely registered with the Putative Father Registry, and he filed an action to establish parental rights in juvenile court in Fulton County on December 28, 2007. Appellants, Jason and *250 Christy Vaughn, filed a petition for adoption in probate court in Lucas County on January 16, 2008.
{¶ 3} The probate court stayed its adoption proceedings pending determination of paternity by the juvenile court in Lucas County, to which Wyrembek’s action had been transferred. After all relevant parties had submitted to genetic testing, the juvenile court determined, by judgment entry dated March 17, 2009, that Wyrembek was the father of G.V., and it dismissed Wyrembek’s action due to the pending adoption proceedings.
{¶ 4} The probate court concluded that R.C. 3107.07(A) governed the adoption proceeding before it. Pursuant to that statute, an adoption can proceed without the consent of a parent who has failed without justifiable cause to communicate with or provide support for the child for a period of at least one year immediately preceding either the filing of the petition for adoption or the placement of the minor with the person petitioning for adoption. The court concluded that the one-year period could not begin to run against Wyrembek until his paternity had been established and found that the Vaughns had filed the petition for adoption prematurely. On appeal, the court of appeals affirmed the decision of the probate court. We accepted the Vaughns’ discretionary appeal.
Analysis
{¶ 5} “[T]he right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law.” In re Adoption of Masa (1986), 23 Ohio St.3d 163, 164, 23 OBR 330, 492 N.E.2d 140, citing Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599. Santosky has been characterized as “requiring a clear and convincing evidence standard for termination of parental rights because the parent’s interest is fundamental but the State has no legitimate interest in termination unless the parent is unfit, and finding that the State’s interest in finding the best home for the child does not arise until the parent has been found unfit.” Cruzan v. Director, Missouri Dept. of Health (1990), 497 U.S. 261, 319, 110 S.Ct. 2841, 111 L.Ed.2d 224 (Brennan, J., dissenting).
{¶ 6} “Few consequences of judicial action are so grave as the severance of natural family ties.” Santosky, 455 U.S. at 787, 102 S.Ct. 1388, 71 L.Ed.2d 599 (Rehnquist, J., dissenting). Because adoption terminates fundamental rights of the natural parents, “we have held that ‘ * * * [a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.’ ” In re Adoption of Masa, 23 Ohio St.3d at 165, 23 OBR 330, 492 N.E.2d 140, quoting In re Schoeppner (1976), 46 Ohio St.2d 21, 24, 75 O.O.2d 12, 345 N.E.2d 608. With “a family association so undeniably important * * * at stake,” we approach the case before us “mindful of the gravity” of the circumstances and the long-term impact *251 on all the concerned parties. M.L.B. v. S.L.J. (1996), 519 U.S. 102, 117, 117 S.Ct. 555, 136 L.Ed.2d 473. We turn now to our most recent pronouncement in this important and contentious area of the law.

In re Adoption of Pushcar

{¶ 7} In Pushcar, the child’s mother married a man who was not the biological father of the child, and that man attempted to adopt the child. 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647. The natural father, who had not yet been determined to be the father, opposed the adoption, and the issue was whether his consent was necessary. We concluded that that father could not be shown to have failed to communicate with or failed to support his child for one year pursuant to R.C. 3107.07(A) until one year had elapsed from the time his paternity was established. Id. at ¶ 14. An integral part of our analysis was our holding that the probate court could not proceed with the adoption while “an issue concerning the parenting of that child is pending in the juvenile court.” Id. at ¶ 8.
{¶ 8} Although the case involved a relatively narrow issue, our holding was more general, as memorialized in the syllabus: “When an issue concerning parenting of a minor is pending in the juvenile court, a probate court must refrain from proceeding with the adoption of that child.” It is clear that we did not intend our holding or analysis to be restricted to parenting issues implicated by R.C. 3107.07(A). Rather, our use of general language shows that we intended the holding to apply to all parenting issues pending in a juvenile court.

Application of Pushcar

{¶ 9} As in In re Adoption of P.A.C., 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236, the natural father in this case, Benjamin Wyrembek, attempted to establish paternity prior to the filing of an adoption petition. Wyrembek filed with the Putative Father Registry, something the natural father did not do in P.A.C. The probate court in this case stated, “[W]hen a parentage action is pending prior to the filing of the adoption petition, [it] must apply Pushcar [110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647], It must be logically assumed that the Supreme Court of Ohio intended the probate court to consider the findings of the juvenile court made while the adoption proceeding is being held in abeyance. In this case, the juvenile court has ruled that Mr. Wyrembek is the father of the child who is the subject of this adoption proceeding, therefore [this] Court hereby rules that for purposes of determining the necessity of Mr. Wyrembek’s consent, he is to be deemed a legal father.” Based on the facts before it and its understanding of Pushcar, the probate court dismissed the adoption petition. We conclude that the probate court properly applied Pushcar and that the court of appeals properly affirmed the decision of the probate court.
*252 Conclusion
{¶ 10} Accordingly, we affirm the judgment of the court of appeals.
Judgment affirmed.
Lundberg Stratton, O’Connor, and O’Donnell, JJ., concur.
Brown, C.J., and Lanzinger and Cupp, JJ., dissent.