IN RE ADOPTION OF G.V.

[Cite as *In re Adoption of G.V.*, 127 Ohio St.3d 1247, 2010-Ohio-4879.]

*Motion for reconsideration denied.*

(No. 2009-2355 — Submitted September 14, 2010 — Decided October 7, 2010.)

APPEAL from the Court of Appeals for Lucas County, No. L-09-1160,

2009-Ohio-6338.

ON MOTION FOR RECONSIDERATION

_____

**{¶ 1}** On July 22, 2010, the court affirmed the judgment of the court of appeals in this case. *In re Adoption of G.V.*, 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245.

**{¶ 2}** Appellants, Jason and Christy Vaughn, have filed a motion for reconsideration.

**{¶ 3}** The motion for reconsideration is denied. The stay issued in this case on September 28, 2010, is lifted.

PFEIFER, LUNDBERG STRATTON, O'CONNOR, and O'DONNELL, JJ., concur.

BROWN, C.J., and LANZINGER and CUPP, JJ., dissent.

_____

**O'DONNELL, J., concurring.**

**{¶ 4}** I concur in the majority's decision to deny the motion for reconsideration, for the following reasons.

**{¶ 5}** In a series of paternity and adoption decisions involving issues of statutory interpretation, this court has charted a course to guide juvenile, family, and probate court judges who confront difficult, emotional, and significantly consequential questions in trying to decide which party ought to have care and custody of minor children.

{¶ 6} The separation of children from family members is a matter of grave consequence with lasting implication. While we endeavor to utilize our individual and collective best judgment in resolving cases, differences of opinion have divided our court as we interpret R.C. Chapter 3107, specifically, R.C. 3107.06 and 3107.07. Although our opinions have provided a framework for judges to follow, questions still exist in this difficult area of law.

{¶ 7} Our decision in *In re Adoption of Pushcar*, 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, directs that when an issue concerning parenting of a minor is pending in a juvenile court, a probate court must refrain from proceeding with the adoption of that child. That holding affords litigants an opportunity to present a case to the juvenile court in a timely fashion and affords the juvenile court a reasonable opportunity to adjudicate the matter without regard to the pendency of a related matter in the probate court, thus avoiding the circumstance of a race to judgment in different courts.

{¶ 8} In the instant matter, we confront a related question where a litigant has timely registered with the Putative Father Registry and timely filed a petition in juvenile court to establish parentage of his minor child. Subsequent to filing that complaint in the juvenile court, the prospective adoptive parents filed a petition for adoption in the probate court. Although the putative father had asked the juvenile court to determine whether he is the biological father, the prospective adoptive parents alleged in probate court that as a putative father, he had failed to meet statutory obligations for support, and hence, his consent to adoption was not necessary. The probate court stayed the adoption proceeding pursuant to *Pushcar*, pending the paternity determination in the juvenile court. Thereafter, the juvenile court ruled that Benjamin Wyrembek is the biological father of G.V., and the probate court then lifted its stay and adjudicated the adoption petition. The probate court deemed Wyrembek to be the legal father, although it also recognized him as a putative father at the time of the filing of the adoption

petition. The court held that R.C. 3107.07(B) no longer applied and ruled that since one year had not expired since the paternity finding, it could not be shown that Wyrembek's consent was not required for the adoption.

{¶ 9} Thus, the facts present this court with a situation in which a putative father timely registers with the Putative Father Registry and files a complaint for determination of parentage in the juvenile court. Then, the prospective adoptive parents file a petition for adoption in the probate court while the parentage action is pending in the juvenile court, and the probate court stays the adoption awaiting a determination from the juvenile court.

{¶ 10} The parties to the adoption proceeding here assert that different statutory provisions should be applied to ascertain whether Wyrembek's consent is necessary for the pending adoption. The prospective adoptive parents urge that R.C. 3107.07(B)(2)(b) and (c) apply because they assert Wyrembek was a putative father when they filed the adoption petition. Those sections provide that the consent of a putative father is not required if he has willfully abandoned or failed to care for and support the minor or has willfully abandoned the mother of the child during her pregnancy and up to the time she surrendered the child or placed the child in petitioner's home. Wyrembek contends that R.C. 3107.07(A) applies because the juvenile court found him to be the biological father of G.V. and he has not failed to communicate with G.V. or provide maintenance and support for a period of at least one year preceding the filing of the adoption petition. Our decision in *In re Adoption of Sunderhaus* (1992), 63 Ohio St.3d 127, 585 N.E.2d 418, directs courts to calculate the one year from the date paternity is established.

{¶ 11} The issue dividing our court is whether for purposes of the statutory consent requirement, the status of the father can change - from putative to biological - after the petition for adoption is filed or whether that status is fixed as of the date petitioner files the adoption petition. This seems to me to be settled

by our case authority. This question is critical to the parties in this case, because as a putative father, the prospective adoptive parents assert they would prevail because Wyrembek failed to comply with R.C. 3107.07(B)(2)(b) and (c). But because the juvenile court has determined Wyrembek to be G.V.'s biological father, R.C. 3107.07(A) specifies when consent of a biological father is required, and that statute, for whatever reason, does not contain the obligation of a putative father not to willfully abandon or fail to care for and support the minor or willfully abandon the mother during her pregnancy and until she surrenders the minor or the minor is placed in the home of the petitioner. Accordingly, Wyrembek maintains that his consent to adoption is necessary and he would prevail if R.C. 3107.07(A) applies.

{¶ 12} It is apparent to me that the General Assembly is aware of our decisions in this area. Following *Sunderhaus*, 63 Ohio St.3d 127, 585 N.E.2d 418, where we clarified that a putative father had no duty to support a mother or minor child, the legislature enacted a statutory duty for a putative father and provided that if such support was not demonstrated, his consent to adoption was not required. However, it never incorporated a similar obligation on a biological father to support a mother during pregnancy but provided that a biological father's consent to adoption was necessary unless support and communication had not been provided for at least one year.

{¶ 13} The father of a child who registers with the Putative Father Registry in a timely fashion and who pursues a juvenile court determination of parentage cannot control either the timing of the juvenile court's decision or the timing of the filing of a petition to adopt by prospective adoptive parents. I would urge juvenile courts to give priority to parentage cases and decide them with dispatch. I would also encourage the General Assembly to carefully scrutinize our caselaw and revisit these statutes to clarify its intent if contrary to our result.

**{¶ 14}** We are not a policy-making branch of government, as we are not structured to weigh considerations of interest groups or to conduct public hearings on this matter. Rather, our responsibilities are only to decide disputed questions of fact and interpret and apply the law as enacted by the General Assembly. In accord with our role to interpret statutes, it is apparent to me that for purposes of consent to adoption, a biological father has no statutory duty to care for and support a minor other than that required by R.C. 3107.07(A) or to care or support the mother of a minor during pregnancy or up to the time of placement.

**{¶ 15}** Accordingly, I agree with the court's decision to deny reconsideration in this case.

LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing opinion.

_____

Voorhees & Levy, L.L.C., and Michael R. Voorhees, for appellants.

McQuades Co., L.P.A., and Alan J. Lehenbauer, for appellee, Benjamin Wyrembek.

Susan Garner Eisenman and Mary Beck, urging reconsideration on behalf of amicus curiae, American Academy of Adoption Attorneys.

_____