[Cite as *In re C.C.*, 2015-Ohio-340.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN THE MATTER OF
THE ADOPTION OF

C.C.

       :
       :
       :    Appellate Case No. 26440
       :
       :    Trial Court Case No. 14ADP29
       :
       :    (Civil Appeal from Montgomery
       :     County Probate Court)
       :
       :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of January, 2015.

. . . . . . . . . .

KEITH A. FRICKER, Atty. Reg. No. 0037355, 10 North Ludlow Street, Suite 950, Dayton, Ohio 45402
     Attorney for Petitioner-appellant, C.H.

JAMES R. KIRKLAND, Atty. Reg. No. 0009731, 130 West Second Street, Suite 840, Dayton, Ohio 45402
     Attorney for Respondent-appellee, K.C.

. . . . . . . . . . . . .

FAIN, J.

    **{¶ 1}** Petitioner-appellant C.H. petitioned for the adoption of her grandson, C.C.,

with the Montgomery County Probate Court. Respondent-appellee K.C. objected to the

petition for adoption, based on the fact that he has legal custody of the child, C.C., pursuant to an order of Montgomery County Juvenile Court. The probate court dismissed the petition for adoption upon the ground that the grandmother did not have any order of placement. From this order of dismissal, C.H. appeals.

{¶ 2} C.H. contends that the probate court erred by requiring a placement as a condition of the adoption, because grandparents are exempt from the statutory procedure for adoptive placement established in R.C. 5103.16. We conclude that the probate court did not err in dismissing the petition for adoption, because the petitioner failed to meet all the statutory requirements for adoption. Accordingly, the court's dismissal of the petition for adoption is Affirmed.

## I. The Course of the Proceedings

{¶ 3} C.C. is a sixteen year old minor, currently living with his biological father, K.C., in Columbus, Ohio. K.C. consented to a step-parent adoption of C.C. when the child was five years old, which terminated his legal rights as the natural father. However, after the child's mother died, K.C. became involved in his son's life, and obtained an order of legal custody from Montgomery County Juvenile Court in 2011. The juvenile court had jurisdiction to grant legal custody to K.C. under R.C. 2151.23, which specifies that juvenile courts have jurisdiction "to determine custody of any child, not a ward of another court of this state." Pursuant to R.C. 2151.417, once the juvenile court has issued an order of custody, it has continuing jurisdiction over that child to take any action that is in the best interest of the child.

{¶ 4} In 2014, C.H. filed a petition for adoption and a request for interim or

temporary placement. The probate court issued an order directing C.H. to serve K.C. with a copy of her request for placement, and to show cause why the probate court had jurisdiction to address placement, the juvenile court having continuing jurisdiction over its order of custody to K.C. When C.H. did not reply to the order to show cause, the probate court dismissed the request for interim or temporary placement.

{¶ 5} At the hearing on the objections to the adoption petition, the issue of the probate court's jurisdiction was raised, and later briefed by the parties. On September 26, 2014, the probate court issued an order finding that it has exclusive jurisdiction over adoption proceedings under Chapter 3107, which may include an adoptive placement pursuant to R.C. 5103.16. The probate court agreed that the grandmother is exempt from the provision of R.C. 5103.16, and is not required to have an adoptive placement under that provision, but held that she must have some type of placement or custody of C.C. to meet the requirements of the adoption statutes, R.C. 3107.05 through R.C. 3107.141.

{¶ 6} Having found that the petitioner did not meet all the statutory requirements, the court dismissed the petition for adoption. In her appeal, C.H. raises one assignment of error, contending that the court erred in dismissing the petition.

## II.      Standard of Review

{¶ 7} There is no dispute that probate court has exclusive jurisdiction over adoptions. There is no dispute that the juvenile court had jurisdiction over the custody of the minor, C.C., and that the petitioner did not have custody or any other legal placement of the child in her residence at the time she filed her petition for adoption. The sole issue on appeal is whether the petitioner was required to obtain placement of the child in her

home as a necessary element to her petition for adoption. This presents an issue of statutory construction, to determine whether the adoption statutes require placement as a condition of adoption. Whether the probate court can order placement necessarily requires the court to address the conflicting jurisdiction of the probate court and the juvenile court to determine placement or custody, when the child's custody is under the continuing jurisdiction of the juvenile court. Both statutory construction and jurisdiction are questions of law. We review questions of law with a de novo standard of review. *Dayspring of Miami Valley v. Shepherd*, 2d Dist. Clark No. 06-CA-113, 2007-Ohio-2589, ¶ 30; *Lowry v. Rothstein,* 2d Dist. Montgomery No. 22288, 2008-Ohio-2066, ¶ 11. De novo review requires the reviewing court to determine the legal issues without any deference to the trial court's determination. *Mattice v. Ohio Dept. of Job & Family Servs.*, 2d Dist. Montgomery No. 25718, 2013-Ohio-3941, ¶ 7.

### III. Probate Court Has Exclusive Jurisdiction over Adoptions

{¶ 8} The Supreme Court of Ohio has repeatedly held that original and exclusive jurisdiction over adoptions in Ohio is vested in probate court. *In re Adoption of Pushcar,* 110 Ohio St.3d 332, 2006-Ohio-4572, 853 N.E.2d 647, ¶ 9; *In re Adoption of G.V.,* 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245; *In re Adoption of P.A.C.,* 126 Ohio St.3d 236, 2010-Ohio-3351, 933 N.E.2d 236, ¶ 1.

{¶ 9} Probate courts have jurisdiction to proceed with adoptions even where the involved child is subject to custody orders within the continuing jurisdiction of domestic relations or juvenile courts. *In re Adoption of Joshua Tai T.*, 6th Dist. Ottawa No. OT-07-055, 2008-Ohio-2733, ¶ 37, citing *Pushcar, supra.* The Supreme Court of Ohio

has held that while the custody of a minor is within the continuing jurisdiction of a domestic relations court, a probate court can still obtain jurisdiction over adoption proceedings. *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 308, 408 N.E.2d 680 (1980). Consequently, after the probate court grants an interlocutory order or a final decree of adoption, the jurisdiction of the court that granted custody pursuant to a divorce is terminated. *Id.* at 308. We have recognized that the same rule applies to the case of a petition for adoption of a child previously subject to the juvenile court's jurisdiction, which continues until "the child is adopted and a final decree of adoption is issued." *In re Martin*, 2d Dist. Montgomery Nos. 17432, 17461, 17464, 1999 WL 955519 (Aug. 27, 1999).

{¶ 10} We recently reviewed the "priority doctrine," and followed the established rule that when two courts share concurrent jurisdiction, "the tribunal whose power is first invoked acquires jurisdiction to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals." *In re Adoption of H.N.R.*, 2d Dist. Greene No. 2014-CA-35, 2014-Ohio-4959, ¶ 21, quoting *State ex rel. Otten v. Henderson,* 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809, ¶ 24. We recognized that the priority doctrine has limited application when two courts have exclusive jurisdiction over different issues. *Id.* at ¶ 20. Therefore, an exception to the priority rule exists for adoption proceedings, which are within the exclusive jurisdiction of probate court, unless the adoption cannot proceed until a pending parentage action is completed, which is within the exclusive jurisdiction of juvenile court. *Id.*, quoting *In re Adoption of G.V.,* 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245. In the present case, the juvenile court's jurisdiction over the custody of C.C. was invoked first, before the petition for adoption was filed in probate court, but no issues within the exclusive

jurisdiction of juvenile court were pending at the time the application for adoption was considered. Therefore, the probate court did have jurisdiction to proceed with the adoption proceedings, notwithstanding the continuing jurisdiction of juvenile court over its previous order of custody.

## IV. Placement is Required for Adoption

{¶ 11} Legal custody under juvenile law is defined by R.C. 2151.011 as:

[A] legal status that vests in the custodian the right to have physical care and control of the child and to determine where and with whom the child shall live, and the right and duty to protect, train, and discipline the child and to provide the child with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities. An individual granted legal custody shall exercise the rights and responsibilities personally unless otherwise authorized by any section of the Revised Code or by the court.

{¶ 12} Therefore, legal custody granted under the authority of a juvenile court recognizes that the legal custodian has the legal right to designate the child's placement, based on the responsibility to "determine where and with whom the child shall live."

{¶ 13} However, the juvenile court's order of legal custody is not a placement for purposes of adoption under R.C. 5103.16(D). *In re Adoption of J.A.S.*, 126 Ohio St.3d 145, 2010-Ohio-3270, 931 N.E.2d 554, ¶ 18. The statutory requirements set forth in R.C. 5103.16(D) for placing a child in the home of the person seeking adoption must be strictly followed. *In re Adoption of J.A.S.*, 126 Ohio St.3d 145, at ¶22.

**{¶ 14}** Effective May 22, 2012, R.C. 5103.16(E) was amended to include an exception for legal custodians to bypass the pre-adoption placement requirements set forth in R.C. 5103.16(D). This amendment was not in effect at the time several key cases were decided regarding the adoptive placement process. As discussed in the *J.A.S* decision, the provisions in R.C. 5103.16(D) for an adoptive placement approved by the probate court contain an exception for grandparents who seek to adopt their grandchild. Thus, the trial court correctly concluded that R.C. 5103.16 is not applicable to the petition filed by the grandmother, C.H.

**{¶ 15}** Even though C.H. was exempt from the pre-adoption placement process found in R.C. 5103.16, other statutory requirements of the adoption process require that the child live in the home of the adoptive parent for at least six months before the adoption can become final. Based on these statutes, reviewed below, the trial court correctly concluded that a petition for adoption cannot be approved without a pre-adoptive placement of the child with the petitioner.

**{¶ 16}** R.C. 3107.13 requires a waiting period prior to finality of the adoption to allow time for a placement of the child in the petitioner's home as follows:

(A) A final decree of adoption shall not be issued and an interlocutory order of adoption does not become final, until the person to be adopted has lived in the adoptive home for at least six months after placement by an agency, or for at least six months after the department of job and family services or the court has been informed of the placement of the person with the petitioner, and the department or court has had an opportunity to observe or investigate the adoptive home, or in the case of adoption by a

stepparent, until at least six months after the filing of the petition, or until the child has lived in the home for at least six months.

(B) In the case of a foster caregiver adopting a foster child or person adopting a child to whom the person is related, the court shall apply the amount of time the child lived in the foster caregiver's or relative's home prior to the date the foster caregiver or relative files the petition to adopt the child toward the six-month waiting period established by division (A) of this section.

{¶ 17} Several other provisions in the adoption chapter also support a finding that the adoption process requires placement of the child in the home of the petitioner as a condition to the court's approval of a final order of adoption. R.C. 3107.11 sets up the mandatory requirements for notice and a hearing before the adoption can be finalized. R.C. 3107.11 states that the hearing "may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner." R.C. 3107.13 requires that the child live in the home of the petitioner for at least 6 months. R.C. 3107.14 provides that the final order of adoption cannot be effective until six months after the person to be adopted has been placed in the petitioner's home. Furthermore, the adoption statute, R.C. 3107.101, contemplates home visits by a court appointed assessor to observe the child in the environment of prospective adoptive home, starting no later than 7 days after placement and continuing monthly until the final decree of adoption is granted.

{¶ 18} In the present case, the child, C.C., was living with his legal custodian, K.C., when the grandmother filed a petition for adoption and a motion for placement. Prior to

the hearing on the petition for adoption, the court entered an order requiring petitioner to establish, within 14 days, why the petition should not be dismissed for her failure to serve the motion on the legal custodian, and to show cause why the petition should not be dismissed for lack of jurisdiction. Thirty days later, the court issued an order dismissing petitioner's request for placement, finding that petitioner had neither filed proof of service nor shown cause. Therefore, no request for placement was pending when the court conducted a hearing on the petition for adoption. The court correctly found that the petition could not be granted without a prior placement of the child in the home of the petitioner. Until the legal custodian's rights are terminated by the juvenile court, by an order of adoption, or by law when the child is no longer a minor, the legal custodian still has the right to decide where and with whom the child shall live.

{¶ 19} Therefore, a person seeking to adopt a child who is living with a legal custodian, must either obtain the permission of the legal custodian to place the child in their home, must obtain an order of the juvenile court changing legal custody, or must obtain an order from the probate court for an adoptive placement.

## V.    Conclusion

{¶ 20} We conclude that the court properly construed the requirements of the adoption statutes to include the requirement of a prior placement of the child in the petitioner's home before a petition for adoption can be approved. The sole assignment of error is overruled, and the judgment of the probate court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Keith A. Fricker
James R. Kirkland
Hon. Alice O. McCollum