[Cite as *In re Adoption of K.N.S.*, 2016-Ohio-7427.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF MEDINA )

IN RE ADOPTION OF KNS

C.A. No.    16CA0035-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2014 01 AD 00001

DECISION AND JOURNAL ENTRY

Dated: October 24, 2016

WHITMORE, Judge.

{¶1}   Appellant, D.H. ("Mother"), timely appeals from the March 16, 2016 judgment of the Medina County Court of Common Pleas, Probate Division, that entered a decree of adoption of her biological child to the child's step-mother. Mother assigns error to a prior final, appealable order from which she did not file a timely notice of appeal, so this Court lacks jurisdiction to reach the merits of her arguments. Because Mother assigns no error to the final decree of adoption, that judgment is affirmed.

I

{¶2}   On January 10, 2014, the step-mother filed a petition to adopt K.N.S., born November 9, 2007. She alleged that she had married the child's biological father on September 17, 2011, and that the child resided with both of them since that date. The step-mother attached proof that the father consented to the adoption and alleged that the consent of Mother was not necessary pursuant to R.C. 3107.07(A), which provides that a parent's consent to an adoption is

not required if "the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

**{¶3}** The matter proceeded to a hearing that was limited to the issue of whether Mother's consent to the adoption was required under R.C. 3107.07(A). Following the hearing before the trial judge, the trial court entered a judgment on July 29, 2015, which declared that Mother's consent to the adoption was not required under the terms of R.C. 3107.07(A).

**{¶4}** The matter later proceeded to a hearing on the child's best interest. On February 9, 2016, the trial court journalized its entry finding that adoption by the step-mother was in the best interest of K.N.S. On March 16, 2016, the trial court entered its final decree, granting the step-mother's petition to adopt K.N.S. Mother timely appealed from the final decree and raises three assignments of error. This Court will consolidate her assignments of error for ease of review.

II

Assignment of Error Number One

THE COURT ERRED IN DETERMINING THAT [NATURAL MOTHER'S] CONSENT TO AN ADOPTION WAS NOT NECESSARY AS THE FACTS DID NOT SUPPORT THAT SHE FAILED TO PROVIDE MAINTENANCE OR SUPPORT FOR THE CHILD FOR A PERIOD OF ONE YEAR WITHOUT JUSTIFICATION.

Assignment of Error Number Two

THE COURT ERRED IN FINDING THAT [NATURAL MOTHER'S] CONSENT TO ADOPTION WAS NOT REQUIRED AS IT FAILED TO GIVE ADEQUATE CONSIDERATION TO [NATURAL MOTHER'S] DISEASE OF ADDICTION IN REGARD TO THE ISSUE OF JUSTIFIABILITY.

Assignment of Error Number Three

THE COURT'S DECISION WAS IN ERROR BECAUSE [R.C. 3107.07] IS UNCONSTITUTIONAL.

{¶5} Mother's assignments of error all pertain to the trial court's determination under R.C. 3107.07(A) that her consent to the adoption was not required. She challenges the facts supporting the trial court's findings as well as the constitutionality of R.C. 3107.07. In other words, her arguments do not pertain to the March 2016 final decree of adoption but instead challenge the trial court's July 2015 judgment that Mother's consent to the adoption was not required under the terms set forth in R.C. 3107.07(A).

{¶6} This Court initially questions its jurisdiction to determine the merits of Mother's assignments of error, because an untimely notice of appeal does not invoke this Court's jurisdiction. *See Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus. The trial court's July 29, 2015 judgment was a final, appealable order. *In re Adoption of Greer*, 70 Ohio St.3d 293 (1994), paragraph one of the syllabus. An appeal from a final, appealable order must be filed within 30 days of its entry. App.R. 4(A)(1). In *Greer*, the Supreme Court emphasized to "practitioners before the probate bar that to be timely, an appeal of an R.C. 3107.07 decision averse to one claiming a right to withhold consent must be appealed within thirty days of the entry of the order finding consent unnecessary." *Id.* at 298, fn.1; *see also In re Adoption of Joshua Tai T.*, 6th Dist. Ottawa No. OT-07-055, 2008-Ohio-2733, ¶ 22-34.

{¶7} Consequently, to invoke this Court's jurisdiction to review the trial court's judgment of July 29, 2015, Mother was required to file a notice of appeal by Friday, August 28, 2015. Because Mother did not file her notice of appeal until many months later on April 15, 2016, she failed to invoke the jurisdiction of this Court to review any alleged errors pertaining to the trial court's July 29 judgment. *See In re S.J.*, 9th Dist. Summit No. 23199, 2006-Ohio-6381,

¶ 10. Consequently, this Court lacks authority to address the merits of Mother's assignments of error.

### III

{¶8} Mother's assignments of error were not addressed because this Court lacks jurisdiction to address their merits. Because Mother assigns no error to the trial court's March 2016 final decree of adoption, that judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
SCHAFER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

STEVE C. BAILEY, Attorney at Law, for Appellant.

JAMES B. PALMQUIST, III, Attorney at Law, for Appellee.