IN RE ADOPTION OF J.A.S. ET AL.; R.S. ET AL., APPELLANTS;

J.W. ET AL., APPELLEES.

[Cite as *In re Adoption of J.A.S.*, 126 Ohio St.3d 145, 2010-Ohio-3270.]

*Adoption — R.C. 5103.16(D) — Preadoption placement procedures apply even when prospective adoptive parents have legal custody.*

(Nos. 2009-1695 and 2009-1980 — Submitted April 21, 2010 — Decided July 15, 2010.)

APPEAL from and CERTIFIED by the Court of Appeals for Lorain County, Nos. 08CA9518 and 08CA9519, 2009-Ohio-3927.

_____

SYLLABUS OF THE COURT

The procedures in R.C. 5103.16(D) for placing a child for purposes of adoption with a prospective adoptive parent apply even when the child has been living with the prospective adoptive parents pursuant to an award of legal custody by order of the juvenile court.

_____

LUNDBERG STRATTON, J.

{¶ 1} We must resolve a conflict of law certified to us by the Ninth District Court of Appeals on the following question: "Does R.C. 5103.16(D) require pre-adoptive placement where the prospective adoptive parents have been awarded legal custody of the child pursuant to a final dispositional order out of the juvenile court, and the child has been living with the prospective adoptive parents since the award of legal custody?"

{¶ 2} For the reasons that follow, we answer the question in the affirmative. There is no exception in R.C. 5103.16(D) for adoption by legal custodians. Thus, we hold that the procedures in R.C. 5103.16(D) for placing a

child for purposes of adoption with a prospective adoptive parent apply even when the child has been living with the prospective adoptive parents pursuant to an award of legal custody by order of the juvenile court.

{¶ 3} In January 2006, the Lorain County Juvenile Court adjudicated J.A.S. and J.N.S., minor children, neglected and dependent. Ten months later, the court determined that the mother had failed to complete the case plan for reunification and that she was unable to provide stability for her children. The court granted legal custody of the children to the appellants, R.S. and S.E.S., and ordered monthly visits between the children and their mother, who retained residual parental rights.

{¶ 4} Two years later, appellants filed a petition in the Lorain County Probate Court to adopt the children. They alleged that the children's biological parents had failed to communicate with or support the children for one year immediately preceding the filing of the adoption petition and that their consent to the adoption was therefore not required. The appellants also moved to dispense with the preadoption placement requirements of R.C. 5103.16(D). They alleged that the procedures were not necessary in this case, because the Lorain County Juvenile Court had placed the children in their home by order of legal custody and the children had been living with them. The probate court summarily denied the motion to dispense with the placement.

{¶ 5} The Ninth District Court of Appeals affirmed the probate court's denial of appellants' motion to dispense with preadoption placement procedures. The appellate court concluded that R.C. 5103.16(D) makes no exception for legal custodians. The Second District Court of Appeals had reached the opposite conclusion in the conflict case, *In re Adoption of A.W.K.*, Montgomery App. No. 22248, 2007-Ohio-6341. There, the court concluded that "a placement for adoption [under R.C. 5103.16(D)] need not precede an adoption petition where * * * the child is already living in the prospective adoptive parents' home pursuant

to a grant of legal custody." Id. at ¶ 19. The Ninth District Court of Appeals affirmed but also certified that its judgment was in conflict with the judgment of the Second District Court of Appeals in *In re Adoption of A.W.K.*

{¶ 6} We determined that a conflict exists, and we accepted appellants' discretionary appeal on the same issue. The cases have been consolidated. 123 Ohio St.3d 1492, 2009-Ohio-6015, 916 N.E.2d 1073, and 123 Ohio St.3d 1494, 2009-Ohio-6015, 916 N.E.2d 1074.

{¶ 7} R.C. 5103.16 sets forth the procedure for independently placing a child for adoption when no public agency, certified institution or association, or foreign custodian is involved. R.C. 5103.16(D) states:

{¶ 8} "(D) No child shall be placed or received for adoption or with intent to adopt unless placement is made by a public children services agency, an institution or association that is certified by the department of job and family services under section 5103.03 of the Revised Code to place children for adoption, or custodians in another state or foreign country, or unless all of the following criteria are met:

{¶ 9} "(1) Prior to the placement and receiving of the child, the parent or parents of the child personally have applied to, and appeared before, the probate court of the county in which the parent or parents reside, or in which the person seeking to adopt the child resides, for approval of the proposed placement specified in the application and have signed and filed with the court a written statement showing that the parent or parents are aware of their right to contest the decree of adoption subject to the limitations of section 3107.16 of the Revised Code;

{¶ 10} "(2) The court ordered an independent home study of the proposed placement to be conducted as provided in section 3107.031 of the Revised Code, and after completion of the home study, the court determined that the proposed placement is in the best interest of the child;

**{¶ 11}** "(3) The court has approved of record the proposed placement."

**{¶ 12}** Appellants contend that R.C. 5103.16(D) does not apply in this case. They urge us to adopt the reasoning in *A.W.K.* and dispense with preadoption placement because there was judicial oversight when the juvenile court placed the children in their legal custody. We must determine whether R.C. 5103.16(D) preplacement requirements are necessary even when the child has been living with the prospective adoptive parents pursuant to a grant of legal custody.

**{¶ 13}** R.C. 5103.16 was enacted to curb black-market adoptions by requiring some agency supervision or court approval of private placements. *In re Adoption of Zschach* (1996), 75 Ohio St.3d 648, 656, 665 N.E.2d 1070 (plurality opinion). The General Assembly wanted to prevent private independent placements that may involve fraud, misrepresentations, or the exchange of money to coerce parents to relinquish a baby. "The intent of the legislature in enacting R.C. 5103.16 was to provide some measure of judicial control over the placement of children for adoption which is not conducted under the auspices of a statutorily recognized and authorized agency. That measure of judicial control is accomplished by having the parents of the child personally appear before the proper probate court for approval of the placement and adoption." *Lemley v. Kaiser* (1983), 6 Ohio St.3d 258, 260, 6 OBR 324, 452 N.E.2d 1304.

**{¶ 14}** R.C. 5103.16 does not apply in all private adoptions. The General Assembly has expressly excluded adoptions by a stepparent, a grandparent, or a guardian. Stepparents and grandparents have a family or biological connection to the birth parents, and a guardian is subject to ongoing court supervision and may exercise rights over a child only pursuant to a court order. R.C. 2151.011(B)(16); R.C. Chapter 2111. Thus, a private placement with any of those persons imposes less need for protection.

{¶ 15} R.C. 5103.16(D) makes no exception for a legal custodian. A legal custodian has more independent discretion over the child, and there is no ongoing judicial supervision or oversight. The biological parents' residual rights have not been terminated. The General Assembly when amending R.C. 5103.16(D) did not exclude a legal custodian from the statute's application, and we will not judicially add such an exception to the statute.

{¶ 16} Appellants argue that it is unnecessary to apply R.C. 5103.16(D) because there was judicial oversight here. The Lorain County Children's Services was involved in the dependency action, and the juvenile court placed the children with the appellants when it awarded them legal custody.

{¶ 17} There is a significant difference between a court's placement pursuant to an award of legal custody and a court's approval over the placement of a child in a prospective adoptive home. Here, the juvenile court's order that awarded legal custody of the children was in a child-dependency action. The county had intervened and removed the children from the home but had not pursued termination of parental rights. During the disposition hearing, the juvenile court advised the parties of their rights. The biological parents retained "residual parental rights, privileges, and responsibilities," which included reasonable visitation and the right to deny consent to adoption. R.C. 2151.011(B)(46). Appellants were awarded the right to physically care for and control the children, subject to the parents' residual rights and responsibilities. R.C. 2151.011(B)(19).

{¶ 18} R.C. 5103.16(D), on the other hand, requires judicial control over the child's placement for purposes of adoption. With a private, independent adoption, this means that the biological parents must appear before and obtain approval from the probate court. See *Lemley,* 6 Ohio St.3d at 260, 6 OBR 324, 452 N.E.2d 1304; *In re Proposed Adoption of a Child by Michael S.* (1998), 131 Ohio App.3d 358, 722 N.E.2d 574. Although J.A.S. and J.N.S. had been living

with the appellants under an order of legal custody, the probate court had not formally placed the children with them for purposes of adoption. The juvenile court's order of legal custody is not a placement for adoption under R.C. 5103.16(D). No court has approved placement for purposes of adoption.

{¶ 19} Appellants also contend that the placement was not surreptitious, because it was part of the dependency action, and that biological parents are notified of the adoption process because their consent is necessary unless a statutory exception applies. R.C. 3107.05, 3107.06, and 3107.07. However, the dependency action did not sever the rights of the biological parents. The parents retained residual parental rights and may attempt to correct the situation that caused the court to remove the child in order to regain custody. Termination of parental rights and subsequent adoption were not issues in the juvenile court.

{¶ 20} *A.W.K.* minimized concern for the lack of notice to the biological parents when R.C. 5103.16(D) procedures are not followed. 2007-Ohio-6341, ¶ 16. The court in that case reasoned that the consent phase of the adoption process would afford the biological parents sufficient notice. Id. However, if prospective adoptive parents bypass the preadoption placement procedures in R.C. 5103.16(D), biological parents may be unaware that adoption is being pursued. In cases where the biological parents' consent is unnecessary, the parents may have no knowledge of the potential loss of their parental rights and the impending adoption until the court schedules a hearing on the lack of consent and termination of parental rights. R.C. 5103.16(D) ensures that the biological parents have notice of a prospective adoption placement when a public agency or other certified institution or association is not involved.

{¶ 21} Finally, appellants claim that R.C. 5103.16(D) procedures would require them to relinquish legal custody and the children to be physically removed from their home, so that the court may place the children with the prospective adoptive parents for adoption. However, placement under R.C. 5103.16(D) may

be accomplished without physical movement of the children. Although the statute requires the biological parents to seek court approval of placement, this does not mean that the children must physically be with the biological parents in order for them to file. The purpose of the statute is to provide some judicial control over the placement for adoption; it does not require removing the children from their legal custodians just so they can be placed back in that home for a different purpose. As a practical matter, if the biological parents are not involved in or object to the placement, then the legal custodians must pursue termination of the parental rights in order to proceed with the adoption.

{¶ 22} We must strictly comply with the statutory requirements in R.C. 5103.16(D). *Lemley*, 6 Ohio St.3d at 260, 6 OBR 324, 452 N.E.2d 1304. Therefore, the procedures in R.C. 5103.16(D) for placing a child for purposes of adoption with a prospective adoptive parent apply even when the child has been living with the prospective adoptive parents pursuant to an award of legal custody by order of the juvenile court. We answer yes to the certified question and affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., not participating.

_____

Rothgery & Associates and Joel D. Fritz, for appellants.

Elizabeth I. Cooke, for appellee J.W.

Flanagan, Lieberman, Hoffman & Swaim and Richard Hempfling, urging reversal for amicus curiae Ohio Adoption Law Roundtable.

Voorhees & Levy, L.L.D., and Michael R. Voorhees, urging reversal for amicus curiae American Academy of Adoption Attorneys.

_____