[Cite as *In re Adoption of B.M.W.*, 2010-Ohio-5214.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

In re Adoption of:        :
              :
[B.M.W.],         :    Case No. 10CA899
              :
              :
              :    <u>DECISION AND</u>
              :    <u>JUDGMENT ENTRY</u>
              :    File-stamped date:  10-22-10
_____

<u>APPEARANCES</u>:

Diana Hanson and Jerry Hanson, *pro se* Appellants/Petitioners.

Nathaniel Waller, *pro se* Appellee/Biological Father.

Faith M. Darr, *pro se* Appellee/Biological Mother.
_____

Kline, J.:

**{¶1}** Diana Hanson and Jerry Hanson (together, the "Hansons") appeal the decision of the Adams County Common Pleas Court, Probate Division.  The probate court allowed the biological father to withdraw his consent to an adoption of B.M.W. (hereinafter the "Child") by the Hansons.  On appeal, the Hansons contend that the probate court erred when it allowed the father to withdraw his consent.  Because the probate court did not determine whether the withdrawal of consent was in the Child's best interest, we agree.  Accordingly, we reverse the judgment of the probate court and remand this cause for further proceedings consistent with this opinion.

I.

{¶2}      Nathaniel Waller (hereinafter "Waller") and Faith M. Darr (hereinafter "Darr")

are the Child's biological parents.  In 2005, the Hansons petitioned the probate court to

adopt the Child, and, on September 12, 2005, Waller consented to the adoption.  For

some reason, however, the probate court dismissed the Hansons' 2005 adoption

petition.

{¶3}      On September 15, 2009, the Hansons once again petitioned to adopt the

Child.  Along with their petition, the Hansons filed the following motion: "Petitioners

herein * * * respectfully move[] the court for an Order transferring and adopting the

Consent to Adoption of Nathaniel Wayne Waller, biological father, executed on

September 12, 2005, before this Honorable Court and filed in the case captioned *In the

Matter of the Adoption of [B.M.W.], Case no. 20054005*."  Essentially, the Hansons

claimed that Waller's September 12, 2005 Consent to Adoption remained valid and in

force as to the 2009 adoption petition.  The probate court granted the Hansons' motion

based on *In re Adoption of Koszycki* (1999), 133 Ohio App.3d 434, which held that

"consent to adoption is viable until the court grants a motion to withdraw it[.]"  Id. at 438.

{¶4}      On December 21, 2009, Waller filed his Motion to Withdraw Consent to

Adoption.  During a hearing on Waller's motion, the Hansons' trial counsel requested an

evidentiary hearing on the Child's best interest.

{¶5}      "[HANSONS' TRIAL COUNSEL]: * * * I was anticipating having an evidentiary

hearing on best interest regarding the withdrawal of the consent today, is that not

correct?

{¶6}      "COURT: The best interest of allowing the withdrawal of consent?  I believe

it's statutorily permitted, that in the, that while a consent is granted, initially, that until the

final decree of adoption, that the consent can be withdrawn, and I think statutorily it's unambiguous in that respect.

**{¶7}** "[HANSONS' TRIAL COUNSEL]: And my understanding was that if that was determined by the Court to be in the best interest of the child to withdraw the consent.

**{¶8}** "COURT: Based upon what?

**{¶9}** "[HANSONS' TRIAL COUNSEL]: The Koszy, Koszycki case."  Transcript at 10-11.

**{¶10}** Despite the Hansons' request, the probate court heard no evidence related to the Child's best interest.  Nevertheless, in a May 20, 2010 judgment entry, the probate court granted Waller's Motion to Withdraw Consent to Adoption.

**{¶11}** The Hansons appeal the probate court's May 20, 2010 judgment, and they assert the following assignment of error:[1] "Appellants contend the trial court erred by: 1. allowing the valid Consent to Adoption signed 12th day of September 2005 to be withdrawn due to court's interpretation, (*Transcript, page 12, line 1-3 and page 21, line 13-22)* and/or 2. before the court held a best interest of the child hearing. *(Transcript, page 12, lines 14-22.)*  [sic]"

II.

**{¶12}** Waller has filed nothing in relation to this appeal.  Darr did file a pro se brief on August 19, 2010, but that brief did not comply with App.R. 16 and 19.  This court gave Darr the opportunity to file another brief, but she failed to do so.  Therefore, neither Waller nor Darr are participating in this appeal, and, because of App.R. 18(C), "we are authorized to accept [the Hansons'] statement of the facts and issues as correct and

---

[1] Because the Hansons use the term "and/or," we construe these two issues as a single assignment of error.

reverse the trial court's judgment as long as [their] brief reasonably appears to sustain such action." *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007-Ohio-4397, at fn. 1, citing *State v. Miller* (1996), 110 Ohio App.3d 159, 161-162.  See, also, *Pryor v. Pryor*, Ross App. No. 09CA3096, 2009-Ohio-6670, at ¶19.  However, in deciding this appeal, we have chosen to review (1) the entire record and (2) the merits of the Hansons' assignment of error.

III.

**{¶13}**     In their assignment of error, the Hansons contend that the probate court erred in allowing Waller to withdraw his consent to the Child's adoption.  As such, the Hansons' argument requires us to interpret and apply R.C. 3107.084.  "When interpreting statutes and their application, an appellate court conducts a *de novo* review, without deference to the trial court's determination."  *Roberts v. Bolin*, Athens App. No. 09CA44, 2010-Ohio-3783, at ¶20, quoting *State v. Sufronko* (1995), 105 Ohio App.3d 504, 506.  "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. * * * The court must first look to the plain language of the statute itself to determine the legislative intent. * * * We apply a statute as it is written when its meaning is unambiguous and definite. * * * An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language."  *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, at ¶9 (citations omitted).  In other words, "[c]ourts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used."  *In re O.H.*, Washington App. No. 09CA38, 2010-Ohio-1244, at ¶8 (quotation omitted).

**{¶14}** In relevant part, R.C. 3107.084 provides the following: "(A) A consent to adoption is irrevocable and cannot be withdrawn after the entry of an interlocutory order or after the entry of a final decree of adoption when no interlocutory order has been entered. * * * (B) A consent to adoption may be withdrawn prior to the entry of an interlocutory order or prior to the entry of a final decree of adoption when no interlocutory order has been entered if the court finds after hearing that the withdrawal is in the best interest of the person to be adopted and the court by order authorizes the withdrawal of consent. Notice of the hearing shall be given to the petitioner, the person seeking the withdrawal of consent, and the agency placing the minor for adoption."

**{¶15}** We will analyze the Hansons' arguments under both R.C. 3107.084(A) and (B). As to R.C. 3107.084(A), the probate court has entered neither (1) an interlocutory order of adoption nor (2) a final decree of adoption. See, generally, R.C. 3107.14 (discussing interlocutory orders of adoption and final decrees of adoption). Therefore, based on the plain language of R.C. 3107.084(A), the probate court correctly allowed Waller the *opportunity* to withdraw his consent to adoption. See *Koszycki* at 438 (stating that a motion to withdraw consent "must be filed before the entry of an interlocutory order or the entry of a final order of adoption").

**{¶16}** However, the language of R.C. 3107.084(B) is also clear and unambiguous. Before it could authorize Waller's withdrawal of consent, the probate court had to find that the withdrawal was in the Child's best interest. And here, unfortunately, the probate court did not comply with the requirements of R.C. 3107.084(B). The Hansons' trial counsel specifically requested "an evidentiary hearing as to whether it is in the best interest of [the Child] for the consent to be withdrawn." Transcript at 17-18. But the

probate court "did not take any evidence nor did the parties testify" as to the Child's best interest.  May 20, 2010 Judgment Entry.  Furthermore, the probate court made no best-interest-related findings.  Instead, the probate court found merely that Waller had the "authority to request a withdrawal of [a] previously executed consent prior to a final order of adoption."  Id.  This finding, however, does not comply with the clear, unambiguous language of R.C. 3107.084(B).

**{¶17}**      Accordingly, we sustain the Hansons' assignment of error.  On remand, we order the probate court to hold a hearing and determine whether the withdrawal of Waller's consent to adoption is in the Child's best interest.  If, after the hearing, the probate court determines that withdrawal is in the Child's best interest, the probate court may grant Waller's Motion to Withdraw Consent to Adoption.  If, however, the probate court finds that withdrawal is not in the Child's best interest, Waller's Motion to Withdraw Consent to Adoption should be denied.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the **JUDGMENT BE REVERSED** and that this **CAUSE BE REMANDED** to the trial court for further proceedings consistent with this opinion. Appellees shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas, Probate Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.


Abele, J.:  Concurs in Judgment and Opinion.
McFarland, P.J.:  Concurs in Judgment Only.


For the Court


BY:  _____
　　　　Roger L. Kline, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**