[Cite as *In re Adoption of T.G.B.*, 2011-Ohio-6772.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| ADOPTION OF T.G.B. | : | Case Nos. 11CA919 |
| ADOPTION OF L.L.B. | : | 11CA920 |
| | : | |
| | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| | | **RELEASED 12/22/11** |

_____

<u>APPEARANCES</u>:[1]

Dana Whalen, WHALEN LAW OFFICE, LLC, West Union, Ohio, for appellants.
_____

Harsha, P.J.

**{¶1}**   Lobert and Beverly Bell appeal the probate court's dismissal of their petitions for adoption of T.G.B. and L.L.B., contending that the trial court erred by finding that the preadoption placement requirements of R.C. 5103.16(D) must be met before they could proceed with adoption.  The Bells assert, however, that the statute does not apply to their situation because they are the appointed guardians of the children.  Because the statute clearly exempts guardians from its preadoption placement requirements, we reverse the judgment of the probate court.

I. FACTS

**{¶2}**   The Probate Court of Adams County appointed Mr. and Mrs. Bell guardians of T.G.B. and L.L.B., and the next day they filed petitions with the court for adoption of the children.  At a hearing on the petitions, the probate court dismissed their petitions for adoption, finding they had not satisfied the preadoption placement requirements of R.C. 5103.16.  The probate court acknowledged that Mr. and Mrs. Bell

---

[1] Appellees, Brian Burke and Patricia Burke, did not file a brief or otherwise make an appearance in this appeal.

were the guardians of the children, but relying on the Ohio Supreme Court's holding *In re Adoption of J.A.S.*, held that they were not exempt from the requirements of R.C. 5103.16.  This appeal followed.

## II. ASSIGNMENT OF ERROR

**{¶3}**    The Bells present one assignment of error for our review:

"THE TRIAL COURT WRONGFULLY DISMISSED THE APPLICANTS-APPELLANTS PETITIONS FOR ADOPTION OF MINOR[S] BY CLAIMING THE PROSPECTIVE ADOPTIVE CHILDREN MUST BE PLACED WITH APPELLANTS, WHO ARE THE GUARDIANS, IN ACCORDANCE WITH R.C. 5103.16 BEFORE THEY CAN PROCEED WITH THEIR PETITIONS FOR ADOPTION."

## III. LEGAL STANDARD

**{¶4}**    The interpretation of a statute is a question of law that we review de novo, without deference to the trial court's determination.  *In re Adoption of B.M.W.*, 4th Dist. No. 10CA899, 2010-Ohio-5214, at ¶13.  "The primary goal of statutory construction is to ascertain and give effect to the legislature's intent in enacting the statute. * * * The court must first look to the plain language of the statute itself to determine the legislative intent. * * * We apply a statute as it is written when its meaning is unambiguous and definite. * * * An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language." (Internal quotation marks omitted.) Id., quoting *State v. Lowe*, 112 Ohio St.3d 507, 861 N.E.2d 512, 2007-Ohio-606, at ¶9.  In other words, "[c]ourts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words

used." (Internal quotation marks omitted.)  Id.  If the meaning of a statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary. *Mathews v. Waverly*, 4th Dist. No. 08CA787, 2010-Ohio-347, at ¶23, citing *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.* (1996), 74 Ohio St.3d 543, 545, 660 N.E.2d 463.

## IV. ANALYSIS

**{¶5}**    Mr. and Mrs. Bell assert that the probate court erred by dismissing their petitions for adoption of T.G.B. and L.L.B. and finding they must satisfy the preadoption placement requirements of R.C. 5103.16(D) before proceeding with the adoptions. They argue that the probate court misinterpreted the Supreme Court's holding in *In re Adoption of J.A.S.*, 126 Ohio St.3d 145, 2010-Ohio-3270, 931 N.E.2d 554, and as the guardians of the children they are exempt from the preadoption placement requirements of R.C. 5103.16.  We agree.

**{¶6}**    R.C. 5103.16 sets forth the procedure for placing a child for adoption when no public agency, certified institution or association, or foreign custodian is involved.  *In re Adoption of J.A.S.*, supra, at ¶7.  R.C. 5103.16(D) states in relevant part:

> "(D) No child shall be placed or received for adoption or with the intent to adopt unless placement is made by a public children services agency, an institution or association that is certified by the department of job and family services * * * or custodians in another state or foreign country, or unless all of the following criteria are met:

> "(1) Prior to the placement and receiving of the child, the parent or parents of the child personally have applied to, and appeared before, the probate court of the county in which the parent or parents reside, or in which the person seeking to adopt the child resides, for approval of the proposed placement specified in the application and have signed and filed with the court a written statement showing that the parent or parents are aware of their right to contest the decree of adoption subject to the limitations of section 3107.16 of the Revised Code;

"(2) The court ordered an independent home study of the proposed placement * * * and after completion of the home study, the court determined that the proposed placement is in the best interest of the child;

"(3) The court has approved of record the proposed placement."

{¶7}    R.C. 5103.16(E) provides, however, "[t]his section does not apply to an adoption by a stepparent, a grandparent, a grandparent's husband or wife, or a guardian."

{¶8}    In *In re Adoption of J.A.S.*, the Ohio Supreme Court found that "the procedures in R.C. 5103.16(D) for placing a child for purposes of adoption with a prospective adoptive parent apply even when the child has been living with the prospective adoptive parents pursuant to an award of legal custody by order of the juvenile court." *In re Adoption of J.A.S.,* supra, at ¶22.  The Court noted that "[t]he intent of the legislature in enacting R.C. 5103.16 was to provide some measure of judicial control over the placement of children for adoption which is not conducted under the auspices of a statutorily recognized and authorized agency.  That measure of judicial control is accomplished by having the parents of the child personally appear before the proper probate court for approval of the placement and adoption."  (Internal quotation marks omitted.)  Id. at ¶13.

{¶9}    However, in distinguishing between legal custodians and guardians, the Court emphasized that "R.C. 5103.16 does not apply in all private adoptions.  The General Assembly has expressly excluded adoptions by a stepparent, a grandparent, or a guardian.  Stepparents and grandparents have a family or biological connection to the birth parents, and a guardian is subject to ongoing court supervision and may exercise

rights over a child only pursuant to a court order. * * * Thus, a private placement with any of those persons imposes less need for protection." (Citation omitted.) Id. at ¶14.

{¶10} In rejecting an argument that legal custodians need not comply with the preplacement procedures, the Court concluded that "R.C. 5103.16(D) makes no exception for a legal custodian. A legal custodian has more independent discretion over the child, and there is no ongoing judicial supervision or oversight. The biological parents' residual rights have not been terminated. The General Assembly when amending R.C. 5103.16(D) did not exclude a legal custodian from the statute's application, and we will not judicially add such an exception to the statute." Id. at ¶15.

{¶11} Citing the Supreme Court's rationale in *J.A.S.* of the need for judicial control in the private placement context, the trial court here expressed the concern that the parents of the child must appear before the court and/or request placement. However, looking at the plain language of R.C. 5103.16, we find that the language is clear and unambiguous. Subsection (E) of the statute clearly exempts guardians, along with stepparents and grandparents, from the statute's preadoption placement requirements. As the Court in *J.A.S.* pointed out, a private placement with the children's guardian as distinguished from a legal custodian creates less need for protection because a guardian is subject to continuing court supervision. Because the journal entry from which Mr. and Mrs. Bell appeal affirms that the Probate Court of Adams County appointed them "guardians of the person and estate" of both children, we find that they are not subject to the preadoption placement requirements set forth in R.C. 5103.16(D).

{¶12}  Accordingly, we sustain Mr. and Mrs. Bell's assignment of error and reverse the judgment of the Probate Court of Adams County.

JUDGMENT REVERSED
AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED. Appellees shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas, Probate Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Presiding Judge




## NOTICE TO COUNSEL


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**