[Cite as *In re Placement of A.R.V.*, 2016-Ohio-4929.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| THE PLACEMENT OF A.R.V., A MINOR. | : | |
| | : | **CASE NO. 2016-T-0019** |
| | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2015 ADP 0045.

Judgment: Affirmed.

*Richard N. Schwartz,* UAW GM Legal Services Plan, 1570 South Canfield-Niles Road, Building B, Suite 101, Austintown, OH 44515 (For Appellant, Stephen A. Colburn).

*Jeffrey W. Thomas,* 10 South Main Street, P.O. Box 608, Niles, OH 44446 (For Appellee, Angela R. Vitale).

DIANE V. GRENDELL, J.

{¶1}   Appellant, Stephen Andrew Colburn, appeals the dismissal of a petition for placement for purposes of adoption by the Trumbull County Court of Common Pleas, Probate Division.  The issues before this court are whether the legal custodian of a minor child is required to obtain adoptive placement of the child before filing a petition for adoption and whether the term "relative" as used in R.C. 5103.16(D) includes the spouse of a great-grandparent.  We affirm the dismissal of Colburn's Petition, but do so for reasons other than those cited by the lower court.

{¶2} On July 16, 2015, Colburn filed a Petition for Placement for Purposes of Adoption in the Trumbull County Court of Common Pleas, Probate Division. Colburn made the following averments: he is the great-grandfather of A.R.V. (dob 04/22/2009); he and Joan Colburn were "awarded legal custody of the minor child by the Trumbull County Juvenile Court on October 20, 2010 in Case No. 02 JC 746"; Joan Colburn died on December 28, 2012; and that A.R.V.'s biological mother and father have "failed without justifiable cause to provide more than de minimis contact with, or provide for the maintenance and support of, the minor for a period of at least one year immediately preceding the filing of the placement of the home of the petitioner." Colburn prayed "the Court grant his Petition for Placement of the minor child * * * for purposes of Adoption."

{¶3} Colburn's Petition was filed pursuant to R.C. 5103.16, which sets forth the requirements for the adoptive placement of children, and R.C. 3107.07, which provides for the adoption of a child without a parent's consent.

{¶4} At a November 23, 2015 hearing on the Petition, Angela Vitale, A.R.V.'s natural mother, "objected to the proposed placement for adoption with the minor's step-great grandfather [Colburn] and requested that counsel be appointed for her." The probate court appointed counsel to represent Vitale.

{¶5} On January 21, 2016, Vitale, through counsel, filed a Civil Rule 12(B)(6) Motion to Dismiss. Vitale argued that, for the purposes of R.C. 5103.16, a step-great-grandfather is a "non-relative" and, therefore, without standing to bring a petition for placement for adoption.

{¶6} On January 22, 2016, Colburn filed a Reply in Opposition to the Motion to Dismiss.

2

{¶7} On January 25, 2016, a hearing was held at which the parties agreed that "this motion boils down to the definition of a 'relative'."

{¶8} On February 9, 2016, the probate court granted Vitale's Motion to Dismiss. The court found that "in strictly construing the statute, a step-great-grandfather is not a relative under O.R.C. § 5103.16(D)."

{¶9} On March 4, 2016, Colburn filed a Notice of Appeal. On appeal, Colburn raises the following assignments of error:

{¶10} "[1.] The Trial Court committed prejudicial error in granting appellee's Civ.R. 12(B)(6) motion to dismiss based upon its opinion that appellant lacks standing to bring a petition for placement and finding that petitioner is not exempt from the preadoption placement process under R.C. section 5103.16(E)."

{¶11} "[2.] The Trial Court committed prejudicial error in granting appellee's Civ.R. 12(B)(6) motion to dismiss based on its opinion that appellant Colburn is not related to the prospective adoptee under R.C. section 5103.16(D) and therefore lacked standing to bring a petition for placement."

{¶12} Issues of statutory construction are reviewed de novo. *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, ¶ 8. Generally, "*de novo* appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision." *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 812, 737 N.E.2d 1050 (8th Dist.2000).

{¶13} The issues raised in this appeal are related to R.C. 5103.16, which "sets forth the procedure for independently placing a child for adoption when no public agency, certified institution or association, or foreign custodian is involved." *In re J.A.S.*,

126 Ohio St.3d 145, 2010-Ohio-3270, 931 N.E.2d 554, ¶ 7. "The intent of the legislature in enacting R.C. 5103.16 was to provide some measure of judicial control over the placement of children for adoption which is not conducted under the auspices of a statutorily recognized and authorized agency * * * by having the parents of the child personally appear before the proper probate court for approval of the placement and adoption." *Lemley v. Kaiser*, 6 Ohio St.3d 258, 260, 452 N.E.2d 1304 (1983).

> No child shall be placed or received for adoption or with intent to adopt unless placement is made by a public children services agency, an institution or association that is certified by the department of job and family services under section 5103.03 of the Revised Code to place children for adoption, or custodians in another state or foreign country, or unless all of the following criteria are met:
>
> > (1) Prior to the placement and receiving of the child, the parent or parents of the child personally have applied to, and appeared before, the probate court of the county in which the parent or parents reside, or in which the person seeking to adopt the child resides, for approval of the proposed placement specified in the application and have signed and filed with the court a written statement showing that the parent or parents are aware of their right to contest the decree of adoption subject to the limitations of section 3107.16 of the Revised Code;
> >
> > (2) The court ordered an independent home study of the proposed placement to be conducted as provided in section 3107.031 of the Revised Code, and after completion of the home study, the court determined that the proposed placement is in the best interest of the child;
> >
> > (3) The court has approved of record [sic] the proposed placement.

R.C. 5103.16(D). Stated otherwise, unless the child has been placed or received for adoption by a public children services agency or related institution, "the biological parents must appear before and obtain approval from the probate court." *J.A.S.* at ¶ 18.

4

{¶14} An exception to the requirement that the parents appear before the probate court exists where "the parent or parents of the child are deceased or have abandoned the child, as determined under division (A) of section 3107.07 of the Revised Code," in which case "the application for approval of the proposed adoptive placement may be brought by the relative seeking to adopt the child * * *." R.C. 5103.16(D)(3).

{¶15} There are also circumstances in which R.C. 5103.16 has no application. *J.A.S.* at ¶ 14 ("R.C. 5103.16 does not apply in all private adoptions"). The statute "does not apply to an adoption by a stepparent, a grandparent, a grandparent's husband or wife, a legal custodian, or a guardian." R.C. 5103.16(E)(1). For the purposes of R.C. 5103.16, "'[l]egal custodian' means a person who has been granted the legal custody of a child by a court of competent jurisdiction." R.C. 5103.16(E)(2)(a).

{¶16} In the first assignment of error, Colburn argues that "the probate court's decision to apply R.C. 5103.16(D) to the case at bar and thereby dismiss Colburn's petition is error when Colburn is exempt from the adoption placement requirements set forth in R.C. 5103.16(D)," by virtue of his being A.R.V.'s legal custodian. Appellant's Brief at 11.

{¶17} This argument lacks merit as the probate court did not decide to apply R.C. 5103.16(D), rather, the applicability of the statute was presupposed by Colburn filing a Petition for Placement for Purposes of Adoption pursuant to R.C. 5103.16(D). If it was Colburn's belief that he was exempted from the requirements of R.C. 5103.16(D), he should not have filed a Petition for Placement under that statute but, rather, filed a Petition for Adoption pursuant to R.C. 3107.05.

5

{¶18} We note, for the record, that the probate court and Vitale's counsel were aware of the anomalous situation created by Colburn filing the Petition for Placement. At the January 25, 2016 hearing on the Motion to Dismiss the Petition, counsel for Vitale mentioned that R.C. 5103.16(E) "excuses certain individuals from [the requirement of] adoptive placement," but that the exemption was "irrelevant here because * * * the petition has already been filed" and the court "must address it in some capacity."

{¶19} Similarly, the probate court noted in its Entry dismissing the Petition that "the petitioner is not necessarily precluded from adoption absent the consent of the natural parents because of the exemptions from the requirements for adoptive placements for guardians under § 5103.16(E)(1)."

{¶20} The following cases further demonstrate that adoptive placement is not necessary when an exemption under R.C. 5103.16(E) applies. *Adoption of T.G.B.*, 4th Dist. Adams No. 11CA919 and 11CA920, 2011-Ohio-6772, ¶ 11 ("[s]ubsection (E) of the statute clearly exempts guardians, along with stepparents and grandparents, from the statute's preadoption placement requirements"); *In re C.C.*, 2d Dist. Montgomery No. 26440, 2015-Ohio-340, ¶ 14 ("[e]ffective May 22, 2012, R.C. 5103.16(E) was amended to include an exception for legal custodians to bypass the pre-adoption placement requirements set forth in R.C. 5103.16(D)").

{¶21} The first assignment of error is without merit.

{¶22} In the second assignment of error, Colburn argues that the trial court erred by holding that, as A.R.V.'s step-great-grandparent, he did not meet the definition of a "relative" for the purposes of R.C. 5103.16(D).

**{¶23}** We note that, given the conclusion that Colburn is exempted from the provisions of R.C. 5103.16(E), whether he qualifies as a "relative" under the statute is a moot issue. Since we are affirming the probate court's dismissal of the petition for reasons other than those stated by the probate court, we will review the basis for that dismissal although such analysis is, strictly speaking, dicta.

**{¶24}** As noted above, where "the parent or parents of the child are deceased or have abandoned the child * * * the application for approval of the proposed adoptive placement may be brought by the relative seeking to adopt the child * * *." R.C. 5103.16(D)(3). The probate court dismissed Colburn's Petition because, "in strictly construing the statute, a step-great-grandfather is not a relative under O.R.C. § 5103.16(D)." We disagree.

**{¶25}** The term "relative" is generally understood as "[a] person connected with another by blood or affinity." *Black's Law Dictionary* 1315 (8th Ed.2004); *In re R.V.*, 190 Ohio App.3d 313, 2010-Ohio-5050, 941 N.E.2d 1216, ¶ 13 (2d Dist.) (noting that Ohio courts and the courts of other states "have defined 'relative' as a relationship through affinity or consanguinity").

**{¶26}** Significantly, the definition of "relative" adopted by the Ohio Administrative Code for family services departments encompasses relationships by affinity including the spouses of great-grandparents, i.e., step-great-grandparents. Ohio Adm.Code 5101:2-1-01(B)(259) ("relative" means "[i]ndividuals related by blood" with their "[s]pouses and former spouses," including "grandparents with the prefix 'great'"). As will be shown below, the Administrative Code's definition of relative is important for understanding A.R.V.'s custodial history.

7

{¶27} A.R.V. was placed in foster care upon her adjudication as dependent on May 5, 2009. Trumbull County Children Services Board eventually motioned the juvenile court that the placement be modified "to grant placement with [the] paternal great grandparents." The court sanctioned this permanency plan of "keep[ing] [A.R.V.] with the family" as in her best interests. The Colburns were found "appropriate relatives of the child who are willing to be temporary custodians." By placing A.R.V. with family/relatives, Trumbull Children Services eschewed filing for permanent custody: "Despite the custodial history of the minor child, there exists compelling reasons for TCCSB to not file a Motion for Permanent Custody, specifically: A family placement has been found." It would be incongruous if great-grandparents and their spouses were deemed relatives for the purpose of family placement but not relatives should they later seek to file for adoption.

{¶28} Moreover, we note that construing the term "relative" as used in R.C. 5103.16(D) to include the spouses of great-grandparents would not exempt such persons from seeking court approval for adoptive placement, it would merely enable them to do so despite the lack of a prior placement by a public children services agency or related institution.

{¶29} The probate court in the present case felt compelled to adopt a narrow definition of "relative" in light of the Ohio Supreme Court's injunction that courts "must strictly comply with the statutory requirements in R.C. 5103.16(D)." *J.A.S.*, 126 Ohio St.3d 145, 2010-Ohio-3270, 931 N.E.2d 554, at ¶ 22. The reason for strict compliance is that R.C. 5103.16(D) "is in substance an adoption statute," and, as such, "is necessarily in derogation of the common law." *Lemley*, 6 Ohio St.3d at 260, 452 N.E.2d

8

1304. The requirement of strictly complying with the adoption statutes does not necessarily require the narrowest possible definition of terms contained therein, particularly when such a definition would itself be in derogation of the common law.

{¶30} For the foregoing reasons, the dismissal of Colburn's Petition for Placement for Purposes of Adoption by the Trumbull County Court of Common Pleas, Probate Division, is affirmed. Costs to be taxed against appellant.


THOMAS R. WRIGHT, J., concurs,

CYNTHIA WESTCOTT RICE, P.J., concurs with a Concurring Opinion.


_____


CYNTHIA WESTCOTT RICE, P.J., concurs with a Concurring Opinion.


{¶31} I agree with the majority opinion's disposition of this matter. I write separately because the analysis of what constitutes a "relative" under R.C. 5103.16(D) is irrelevant. Both the trial court and the majority properly acknowledge that Colburn could proceed pursuant to his exempt status as legal custodian under subsection (E)(1). Pursuant to subsection (E)(1), R.C. 5103.16(D) does not apply to an adoption by, inter alia, "a legal custodian."

{¶32} As the majority points out, the trial court recognized Colburn is not precluded from moving forward with a petition for adoption under R.C. 5103.16(E)(1). The trial court nevertheless went to great pains analyzing the issue of whether Colburn was a relative under subsection (D). That issue, although apparently put before the

9

court by Ms. Vitale, was a red herring. The majority even recognizes the analysis as dicta. Addressing the definition of "relative" as it pertains to subsection (D) is completely unnecessary to our analysis and adds nothing to the substantive character of the opinion. In my view, therefore, any discussion of this issue should be withheld from consideration until it is properly before this court.